21212.   BRIDGES v. BRIDGES.

ARGUED APRIL 10, 1961—DECIDED MAY 9, 1961.

*Richard D. Barkley,* for plaintiff in error.

*Hallie B. Bell,* contra.

HEAD, Presiding Justice. The amended petition of Lawson D. Bridges against Hazel K. Bridges alleged that the parties were formerly husband and wife, that their marriage was dissolved by divorce, and that a contract entered into between them was made the judgment and decree of the court in the divorce action.

The contract between the parties recited that an action for divorce had been filed by Mrs. Hazel K. Bridges against Lawson D. Bridges, in which permanent alimony was sought, and that the parties desired to settle all claims for alimony and attorney's fees that the wife had against the husband. The portion of the contract germane to a consideration of the questions made in the present case is as follows: "Party of the first part, Lawson D. Bridges, agrees to pay to the party of the second part, Mrs. Hazel K. Bridges, the sum of $125 per month for a period of 6 months, . . . after which time said payments shall be decreased to the sum of $100 monthly, and to continue until Mrs. Hazel K. Bridges dies, remarries or becomes self-supporting, and by self-supporting it is meant that Mrs. Hazel K. Bridges is capable of earning the sum of $100 per month, or more; said payments to commence on the 2nd day of February, 1959, and payable monthly thereafter until she dies, remarries or becomes self-supporting as above set forth."

The petition sought a declaration that the obligations assumed by the petitioner under the contract had been fully discharged. It was further prayed that the contract between the parties be declared null and void, "thereby discharging plaintiff from any and all obligations under said judgment and decree of said court." The renewed general and special demurrers of the defendant were sustained, and the exception is to this judgment.

■ The petition sought to nullify the judgment and decree approving the contract between the parties on the ground of fraud in its procurement. The allegations relied upon to show fraud were: The defendant on numerous occasions stated to the petitioner and to others that it was her understanding of the contract that she could work and make as much as $99.99 per month without losing her right to receive the $100 per month from the petitioner. The defendant stated to the petitioner on November 16, 1959, that, "when she signed the contract, she did

not intend to live up to it, and had no intentions whatsoever of complying with the terms and conditions in said contract. That she did not ever intend to go to work, and that plaintiff would have to support her as long as she lived, . . . " The defendant wilfully and deliberately perpetrated a fraud upon the court and the petitioner, "in that she had a mental reservation prior to the signing of said contract well knowing that she did not come into this court with clean hands as required by a court of law and equity."

"The judgment of a court of competent jurisdiction may be set aside, by the court which rendered it, for fraud and irregularity." *Mobley v. Mobley,* 9 Ga. 247 (5); *Wallace v. Wallace,* 213 Ga. 96 (3) (97 S. E. 2d 155). It has been held that equity, under certain circumstances, will cancel a contract because of an inceptive fraudulent intent of one of the parties, for example, where the promise of a grantee was the consideration inducing the execution of a deed, and such promise was made with the present intention on the part of the grantee not to comply with it. See *Bucher v. Christopher,* 211 Ga. 317, 319 (85 S. E. 2d 760); *Sutton v. McMillan,* 213 Ga. 90 (4) (97 S. E. 2d 139).

The petition in the present case did not attach any copy of the pleadings in the divorce action, but the contract and the divorce decree show that the action was filed by the wife against the husband, and the divorce was granted on her petition. The consideration of the contract, in so far as the husband was concerned, was the settlement of her claim for alimony against him. See *Campbell v. Campbell,* 90 Ga. 687 (16 S. E. 960). The promise of the husband to pay, and the promise of the wife to accept such payments in settlement of her claim for alimony, constituted an adequate consideration for the contract.

The parties agreed that the alimony payments should continue until the wife died, remarried, or became self-supporting. The construction of a contract is a question of law for the court. *Code* § 20-701. The cardinal rule in construction is to ascertain the intention of the parties. *Code* § 20-702; *Brown v. Farkas,* 195 Ga. 653 (25 S. E. 2d 411). The allegations asserting fraud amount to no more than that the wife construed the contract not to require that she become self-supporting. Such construc-

tion by the wife is wholly inadequate to show inceptive fraud in the procurement of a contract based upon a valid consideration.

■ The allegations of the petition germane to the contention of the petitioner that he has fully discharged his obligations to pay alimony are as follows: "Petitioner shows that at the time of said contract, defendant was convalescing from a major operation and further that it was the intention of the petitioner to agree to the payment of $100 per month to the defendant until such time as defendant had recovered from subject operation to the extent that she was able to enter into gainful employment. Your petitioner now shows that defendant has fully recovered from the illness contemplated by both parties upon entrance into subject contract and further that if defendant now suffers disability which renders her incapable of gainful employment, such disability is self-induced by excessive use of alcohol and/or barbiturates or other drugs of similar nature."

The contract made by the parties, which was approved by the judgment and decree of the court in the divorce proceeding, provided that the payments of $100 per month should continue "until Mrs. Hazel K. Bridges dies, remarries or becomes self-supporting," and the term "self-supporting" is defined as meaning that she "is capable of earning the sum of $100 per month, or more." There is no allegation of the petition showing that the defendant has become "self-supporting" as that term is defined by the contract. Thus the petition fails to show that the petitioner has discharged his obligations under the decree approving the terms of the contract.

The allegations of the petition are insufficient to show that the petitioner is entitled to any of the relief prayed, and the trial judge did not err in sustaining the general demurrers of the defendant and dismissing the petition.

*Judgment affirmed. All the Justices concur.*