## 32573. BACHE v. BACHE.

UNDERCOFLER, Presiding Justice.

William Luke Bache brought this declaratory judgment action seeking a ruling that he was no longer obligated to pay alimony to his former wife, Martha MacLeod Bache, under the terms of their decree. The trial court so ruled as a matter of law and we granted the wife's interlocutory appeal. We reverse.

The provision of the contract which was incorporated into their divorce decree is as follows: "The Husband shall pay to Wife the sum of $250.00 per month as alimony, . . . until the wife shall remarry or *become self-supporting*." (Emphasis supplied.) At the hearing, the trial court found as a matter of fact that the wife was now earning approximately $600 per month with a net take home of $400 per month, and concluded as a matter of law that she was "self-supporting" and alimony payments should cease under the terms of the decree.

1. "The construction of a contract is a question of law for the court. Where any matter of fact is involved, . . . the jury should find the fact." Code Ann. § 20-701. *Hardman v. Dahlonega-Lumpkin County Chamber of Commerce,* 238 Ga. 551 (233 SE2d 753) (1977); *Bridges v. Bridges,* 216 Ga. 808 (120 SE2d 180) (1961). Here, the construction of the contract is not in contention. It is obvious that the contract means the husband may cease paying alimony if the wife becomes self-supporting. Whether or not she is self-supporting is a fact question to be determined by a jury. *Ludden & Bates &c. v. Dairy &c. Supply Co.,* 17 Ga. App. 581 (87 SE 823) (1915). The trial court erred in ruling as a matter of law from the facts presented that the wife was self-supporting.

2. A declaratory judgment is an appropriate means of ascertaining one's rights and duties under a contract and decree of divorce. *Bridges v. Bridges,* supra. The wife's contention that the husband must use the modification procedures set out in Code Ann. § 30-220 is without merit. "Relief by declaratory judgment shall be available notwithstanding the fact that the complaining party has any other adequate legal or equitable remedy or remedies." Code Ann. § 110-1101 (c).

The judgment, insofar as it holds that the wife is in fact self-supporting, is reversed and remanded for a jury trial.

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 13, 1977 — DECIDED OCTOBER 21, 1977.

*Gaskill & Walker, David S. Walker, Jr.,* for appellant.