[No. 3870-0-III.  Division Three.  February 26, 1981.]

LOEB RHOADES, HORNBLOWER & CO., *Respondent,* v. LEWIS B. KEENE, ET AL, *Appellants.*

*Michael V. Hubbard,* for appellants.

*Orville B. Olson, David R. Hevel,* and *Olson, Olson & Hevel,* for respondent.

ROE, A.C.J.—Defendant Keene inherited a small amount of stock, including 100 shares of Santa Fe Industries Preferred. He took all of his inherited stocks to plaintiff stockbrokers intending to sell the same. Plaintiff's agent, Mr. Perry, made an offer on all the stock, quoting 35 3/4 for the 100 shares of Santa Fe Industries Preferred. In his affidavit, Keene stated he sold the shares in complete reliance on Mr. Perry's quote, and that he, Keene, had no knowledge and no dealings in stock. The sale was made, payment was received, and plaintiff confirmed the transaction at 35 3/4. The plaintiff's broker's brochure states that all transactions are final unless objected to within 10 days of the confirma-

tion date.

Several months later, the brokerage firm contacted Keene asking for partial refund on the money, stating the actual market price on May 24 was 9 3/4, not 35 3/4 which had been quoted and paid. Both parties admit a mistake was made as to the market price at the time of sale.

Since defendant refused to refund the money, plaintiff commenced this action for money due and owing. The trial court granted summary judgment for plaintiff brokerage firm.

█ The only issue is whether the trial court erred as a matter of law in granting the summary judgment. The general rule is that money paid under a mistake of fact may not be recovered where the mistake was not shared or suspected by the other party, and the other party is not charged with knowing of it. Each party to a contract consciously accepts the risk of error of judgment. 13 S. Williston, *Contracts* § 1574 (3d ed. 1970); 3 A. Corbin, *Contracts* § 605 (1960).

Where there is a unilateral mistake, courts will not invoke their equitable powers to aid the party who was the sole cause of his misfortune, *Appleway Leasing, Inc. v. Tomlinson Dairy Farms, Inc.,* 22 Wn. App. 781, 784, 591 P.2d 1220 (1979) (credit for truck trade–in); *Seattle–First Nat'l Bank v. Earl,* 17 Wn. App. 830, 835–36, 565 P.2d 1215 (1977) (rent escalation related to nonexistent cost–of–living index). The rule is contra if the other party knows of the mistake or is charged with knowledge of it. *See Puget Sound Nat'l Bank v. Selivanoff,* 9 Wn. App. 676, 681, 514 P.2d 175 (1973), and cases cited therein.

There is no showing in this case that Keene knew of the broker's mistake, and there are no facts to charge Keene with such knowledge.

Cases cited by plaintiff are concerned with contracts entered into without consideration, trees mistakenly cut, or errors made after the parties had entered into the contract, or a case of mistaken overpayment. They are thus not applicable here. Here, the plaintiff made a bad bargain and

has asked the court to make him a better one. The defendant is not responsible for this error of judgment.

The trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.

GREEN and MUNSON, JJ., concur.

Reconsideration denied March 25, 1981.