[No. 13154–1–I.   Division One.   August 5, 1985.]

*In the Matter of the Marriage of* MICHAEL L.
MUDGETT, *Appellant, and* REBECCA L.
MUDGETT, *Respondent.*

*James L. Vonasch,* for appellant.

*Stephen R. Black,* for respondent.

HOPP, J.*—Michael L. Mudgett appeals the trial court's order granting Rebecca L. Mudgett's motion for summary judgment which dismissed his claim for declaratory relief and for amendment of the parties' dissolution decree. We affirm.

The Mudgetts were married in 1963 and had one child, Leslie Ann, born in 1964. During the marriage, the Mudgetts bought savings bonds for Leslie Ann, registering them in her name. The couple separated in October 1978, and in February 1979, jointly petitioned to dissolve the marriage. At that time, the Mudgetts had an attorney prepare a separation contract in which Mrs. Mudgett was awarded their residence as her separate property "[s]ubject to a non-interest bearing lien in favor of the husband to be paid when the residence is sold." There was no provision setting a date by which the residence was to be sold. The contract included the following provision:

10. Fairness of the agreement. The parties have consulted together to achieve this agreement. They have requested the attorney to reduce it to writing, after he had quizzed them concerning their holdings. They have rejected his advice that they seek independent counsel, believing that they are fully aware of their properties and debts, and that the agreement they have achieved is fair.

The attorney who prepared the contract stated in an affidavit that he advised the Mudgetts to seek independent counsel, but they nevertheless requested preparation of the contract because they believed "the agreement they had negotiated to be fair, and conclusive once approved by the Court."

---

*Judge Blaine Hopp, Jr., is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

The court entered the decree of dissolution of marriage in May 1979, and in it approved the contract except to reduce Mr. Mudgett's lien on the residence, which had been indefinite due to a pending appraisal, to $12,239.64. This sum is not in contest. In the findings of dissolution of marriage the court stated:

4. [The parties] have entered into a separation contract providing for the custody and support of the child, and for the division and disposition of their assets and debts. Said agreement is not unfair.

Neither the decree nor the contract mentioned any distribution of the savings bonds.

On August 10, 1982, Mr. Mudgett filed an amended complaint for partition of property and declaratory relief. He asked the court to enter a declaratory judgment that (1) the residence awarded to Mrs. Mudgett should be partitioned and he should receive the amount of his lien either through the sale or mortgage of the residence, and (2) the decree failed to provide for the distribution of the savings bonds, and he should receive half of the bonds, or alternatively, Leslie Ann should receive all of the bonds.

Mrs. Mudgett filed a motion for summary judgment to dismiss the complaint. The court granted the motion. The order decreed that declaratory relief is not available to modify or amend the dissolution decree of the parties, and it dismissed with prejudice Mr. Mudgett's claims for (1) partition of the real estate previously awarded to Mrs. Mudgett, (2) declaratory relief regarding his lien against the real estate, and (3) declaratory relief regarding the savings bonds.

Mr. Mudgett did not appeal the dismissal of his partition claim and, subsequent to filing his appeal, dropped his claim to distribute the savings bonds. Therefore, the only issue on appeal is the correctness of the trial court's order finding that declaratory relief is not available to (1) modify the dissolution decree and (2) order the sale or mortgage of the residence so as to award Mr. Mudgett the value of his lien.

■ In reviewing a trial court's decision granting summary judgment, this court makes the same inquiry as did the trial court. *Wilson v. Steinbach,* 98 Wn.2d 434, 437, 656 P.2d 1030 (1982); *Jarr v. Seeco Constr. Co.,* 35 Wn. App. 324, 328, 666 P.2d 392 (1983). A summary judgment motion can be granted only if the pleadings, depositions, affidavits, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. CR 56(c); *Wilson,* at 437.

Mr. Mudgett contends that he is not trying to modify the decree, but rather he wishes to clarify and interpret an ambiguity in the decree. He urges that a declaratory judgment is a proper way to do this.

■ The precise issue of whether a party to a dissolution may later bring an action for declaratory judgment to interpret the dissolution decree or any contract merged therein has not been decided by courts in Washington.[1] However, courts in other jurisdictions have decided this issue. In Georgia, the court has held that "[a] declaratory judgment is an appropriate means of ascertaining one's rights and duties under a contract and decree of divorce." *Bache v. Bache,* 240 Ga. 3, 239 S.E.2d 677, 678 (1977). While the general rule is that such a proceeding is an inappropriate way to question a final judgment or decree that is clear and unambiguous, where language of a decree is ambiguous, construction of the effect of this language is a proper subject of a declaratory judgment action. *Royal v. Royal,* 246 Ga. 229, 271 S.E.2d 144, 145 (1980). There are other jurisdictions which have held, however, that such an action may not be used to interpret or determine rights fixed by a final decree. *E.g., Mills v. Mills,* 512 P.2d 143, 148 (Okla. 1973).

---

[1]There have been decisions that a declaratory judgment action is proper when the issue is dividing property not disposed of at the time of the dissolution. *See Ross v. Pearson,* 31 Wn. App. 609, 614, 643 P.2d 928 (1982); *In re Marriage of Molvik,* 31 Wn. App. 133, 136, 639 P.2d 238 (1982).

In this case, a declaratory judgment action is inappropriate. There is no ambiguity in the separation contract. The language is clear: Mrs. Mudgett was awarded the residence "[s]ubject to a non–interest bearing lien in favor of the husband to be paid when the residence is sold."

The issue seems to be one of unilateral mistake rather than ambiguity. Mr. Mudgett contends that he believed his ex–wife had to sell the house when their daughter was no longer living there or was finished with her education. He does not make any showing that he ever disclosed his claimed interpretation to Mrs. Mudgett.

Where there is a unilateral mistake, courts will not invoke their equitable powers to aid the party who was the sole cause of his misfortune, . . . The rule is contra if the other party knows of the mistake or is charged with knowledge of it.

(Citations omitted.) *Loeb Rhoades, Hornblower & Co. v. Keene,* 28 Wn. App. 499, 500, 624 P.2d 742 (1981). *See also Seattle–First Nat'l Bank v. Earl,* 17 Wn. App. 830, 835, 565 P.2d 1215 (1977).

Mr. Mudgett would have this court add to the terms of the decree which incorporated the parties' agreement. Adding terms to the contract would amount to writing a new contract. The court is not permitted to do this, however broadly it may construe and apply the declaratory judgment act. *Schoenwald v. Diamond K Packing Co.,* 192 Wash. 409, 420, 73 P.2d 748 (1937).

A court may not create a contract for the parties which they did not make themselves. It may neither impose obligations which never before existed, nor expunge lawful provisions agreed to and negotiated by the parties. *Wagner v. Wagner,* [95 Wn.2d 94, 104, 621 P.2d 1279 (1980)]; *Farmers Ins. Co. v. Miller,* 87 Wn.2d 70, 549 P.2d 9 (1976).

*Agnew v. Lacey Co–Ply,* 33 Wn. App. 283, 288, 654 P.2d 712 (1982).

Mr. Mudgett further argues that the lien clause is unconscionable, against public policy, and does not reflect the intent of the parties. He contends that to interpret the

separation contract to mean Mrs. Mudgett can withhold selling the residence as long as she wishes, thus delaying the payment of sums secured by the lien, rather than requiring the lien to be paid within a reasonable time after the dissolution, works an unconscionable hardship on him.

At the time the contract was drawn up, he was advised to seek independent counsel. This he refused to do. The contract stated the Mudgetts believed "that they are fully aware of their properties and debts, and that the agreement they have achieved is fair." The court then entered a finding at the time it entered the decree that the contract was "not unfair." The court incorporated the contract in the decree, and it is apparent from the record that both parties desired the court do so. *See In re Marriage of Olsen,* 24 Wn. App. 292, 297–98, 600 P.2d 690 (1979).

■ Mr. Mudgett did not then contest the decree, and he is collaterally estopped from doing so now. Collateral estoppel prevents the relitigation of an issue or determinative fact after the party estopped has had a full and fair opportunity to present his or her case, *Island Cy. v. Mackie,* 36 Wn. App. 385, 391, 675 P.2d 607 (1984), even if the second litigation of issues is presented in a different claim or cause of action. *Rains v. State,* 100 Wn.2d 660, 665, 674 P.2d 165 (1983); *Mead v. Park Place Properties,* 37 Wn. App. 403, 405, 681 P.2d 256 (1984). The doctrine of collateral estoppel applies only if the following questions are answered in the affirmative:

> (1) Was the issue decided in the prior adjudication identical with the one presented in the action in question? (2) Was there a final judgment on the merits? (3) Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication? (4) Will the application of the doctrine not work an injustice on the party against whom the doctrine is to be applied?

*Mead,* at 405 (quoting *Lucas v. Velikanje,* 2 Wn. App. 888, 894, 471 P.2d 103 (1970)).

■ Affirmative answers clearly may be given to the first three questions. The fourth question deserves more discussion. While on its face it may appear unfair that Mr. Mudgett will only collect the sum secured by his lien following a unilateral decision by Mrs. Mudgett to sell the home, there is no injustice. He ignored advice to seek independent counsel at the time the contract was drawn up. He agreed to its terms, which explicitly provided for the situation about which he now complains. The trial court found that it was not unfair. He was given a full and fair opportunity to litigate his claim. *See Rains,* at 666. Because he made a bargain that he is now unhappy with is no reason to permit him to relitigate the issue.

In summary, we hold that declaratory relief is not available to modify the unambiguous terms of this dissolution decree. We further hold that Mr. Mudgett is collaterally estopped from relitigating the issue. The court did not err in granting summary judgment.

Affirmed.

CORBETT, C.J., and WILLIAMS, J., concur.