[No. 8972–0–III.   Division Three.   December 13, 1988.]

CAROLE J. SULLIVAN, *as Guardian, Appellant,* v. AETNA
LIFE & CASUALTY, ET AL, *Defendants,* APRIL
SHULTS, *Respondent.*

*Michael T. Kozlowski,* for appellant.

*James A. Connolly* and *Connolly, Holm, Tacon, McPhee & Meserve,* for respondent.

GREEN, J.—Carole Sullivan, as guardian ad litem for Scott Herald, appeals a summary judgment requiring the proceeds of a life and accidental death policy to be divided equally with Jason Lowe. She contends the provisions of a dissolution decree override the beneficiary designation in the insurance policy. We affirm.

Steve Herald and Carole Sullivan were married on July 6, 1968. Their child, Scott Herald, was born on September 3, 1969. Their marriage was dissolved on January 6, 1978. The dissolution decree incorporated a property settlement agreement under which each party retained his or her own pension benefits, bank accounts and life insurance. Under a separate heading entitled "Miscellaneous", the decree provided: "Each party *shall maintain a minimum of $10,000 life insurance* with their minor child as beneficiary until said child attains majority." (Italics ours.) At that time, Steve Herald owned a $10,000 life insurance policy with Aetna Life Insurance Company through Plumbers and Pipefitters Local 598. The policy contained an additional $10,000 coverage for accidental death and dismemberment. If a beneficiary was not specifically named, the policy provided the benefits would go first to the surviving spouse, and if none, then equally to the policyholder's surviving children.

Steve Herald subsequently married Afton Cooper Herald, who he named as beneficiary of the Aetna policy. That marriage was dissolved on November 30, 1982. On July 4, 1983, Steve Herald died as a result of an accident. Afton Herald remained the designated beneficiary, but disclaimed

her rights under the policy. At the time of his death, in addition to being the father of Scott Herald, Steve Herald had also been adjudged in a paternity action to be the father of Jason Lowe, whose mother is April Shults, now April Lowe.

On March 20, 1984, Ms. Sullivan, as guardian ad litem for Scott Herald, brought this action against Aetna to obtain the proceeds of the policy. Aetna interpleaded others as third party defendants and tendered the proceeds into court. All potential claimants to the funds except Scott Herald and Jason Lowe have been dismissed. On July 31, 1986, Ms. Shults, as natural guardian for Jason Lowe, moved for summary judgment seeking equal division of the proceeds with Scott Herald. Ms. Sullivan also moved for summary judgment seeking payment of the entire proceeds of the policy to Scott Herald, including the $10,000 accidental death and dismemberment coverage. Ms. Shults' motion was granted and the court ordered the proceeds of $20,000 be divided equally between Scott Herald and Jason Lowe in accordance with the beneficiary provision of the policy. Ms. Sullivan appeals on Scott's behalf.

First, Ms. Sullivan contends the dissolution decree created in Steve Herald an obligation to maintain life insurance for Scott's benefit and this decree overrides the beneficiary provisions of the Aetna policy; therefore, Scott Herald is entitled to all of the proceeds. To the contrary, Ms. Shults argues that since the dissolution decree did not obligate Steve Herald to maintain a specifically identified policy, the benefits of the Aetna policy were not encumbered. Therefore, the trial court's equal division of the proceeds was proper. We agree.

■ In general, a dissolution decree that incorporates a property settlement agreement becomes the court's disposition of the property. *United Benefit Life Ins. Co. v. Price,* 46 Wn.2d 587, 588–89, 283 P.2d 119 (1955), *overruled on other grounds in Aetna Life Ins. Co. v. Wadsworth,* 102 Wn.2d 652, 689 P.2d 46 (1984). If the language of the decree is subject to interpretation, its construction and any

contract incorporated therein is a question of law. *Byrne v. Ackerlund,* 108 Wn.2d 445, 455, 739 P.2d 1138 (1987). Interpretation by the reviewing court must be based upon the parties' intent as reflected in the language of the incorporated agreement. *Byrne,* at 455; *Kinne v. Kinne,* 82 Wn.2d 360, 362, 510 P.2d 814 (1973). A court may not add to the terms of the agreement or impose obligations not previously existing. *Byrne,* at 455; *In re Marriage of Mudgett,* 41 Wn. App. 337, 341, 704 P.2d 169 (1985).

Here, the terms of the Aetna policy allow its owner to change the beneficiary. The decree does not refer to the Aetna policy; it only provides that Steve Herald maintain $10,000 or more in life insurance with Scott Herald as beneficiary.

■ No Washington authority has been cited[1] and none has been found which holds that a dissolution decree generally requiring maintenance of life insurance as security for a support obligation without identification of a specific policy creates in the child a right to the proceeds of unidentified policies superior to the right of the named beneficiary. However, when a policy is specifically identified in a dissolution decree, the proceeds are encumbered by the decree. *Aetna Life Ins. Co. v. Bunt,* 110 Wn.2d 368, 754 P.2d 993 (1988), and cases cited therein. In *Bunt,* a specific policy was designated in the decree. The court stated at page 380:

> The children, as *"irrevocable beneficiaries"* under the court decree, have a vested equitable interest in the proceeds of *this* policy which could not be divested by a subsequent formal change of beneficiary. To hold otherwise would allow parents to escape their profound duty to support their children.

(Italics ours.)

---

[1]*Porter v. Porter,* 107 Wn.2d 43, 726 P.2d 459 (1986), cited by Ms. Sullivan, does not support her position. There, the child's receipt of the proceeds of a policy not specifically identified in the decree was by virtue of testamentary provisions contained in a will that carried out the underlying intent of the decree.

The *Bunt* decision is not controlling here because the decree does not identify a specific insurance policy. Here, Steve Herald had a duty of support to both Jason Lowe and Scott Herald. Since the decree of dissolution did not refer to the Aetna policy, we decline to extend the principle of equitable vesting recognized in *Bunt* to the situation presented here. To do so would undermine Jason Lowe's equal right to support.

Thus, we conclude the beneficiary provisions of the policy control and summary judgment in favor of April Shults was properly granted. As a consequence, both children share equally in the proceeds of the policy in accordance with the policy provisions.

Affirmed.

MUNSON, A.C.J., and GAVIN, J. Pro Tem., concur.

Review denied by Supreme Court February 28, 1989.