FILED
COURT OF APPEALS
DIVISION II

2015 JUL -7 AM 8: 46

STATE OF WASHINGTON

BY_____
          DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR LEHMAN BROTHERS SMALL BALANCE COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-3, a national association, | No. 46293-1-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| MAXIM LISSAK, an individual, | |
| Appellant, | |
| VICTORY STATE LLC, a Washington limited liability company; JOHN DOES 1 through 10, inclusive, and ROES 1 through 10, inclusive, | |
| Defendants. | |

SUTTON, J. — Maxim Lissak appeals the superior court's order granting U.S. Bank National Association's (U.S. Bank) motion to dismiss his counterclaims for declaratory judgment arising out of a judicial foreclosure initiated against him by U.S. Bank. He argues that the superior court erred in dismissing his counterclaims because he presented a "justiciable controversy" under the Uniform Declaratory Judgments Act, chapter 7.24 RCW (UDJA) and that the superior court violated his right to a jury trial. Because the superior court lacked jurisdiction under the UDJA to grant Lissak the relief he sought and because Lissak never stated a claim under which he could

prevail at trial, the superior court properly dismissed his counterclaims and properly concluded that he has no right to a jury trial on his counterclaims. We affirm.

FACTS

On or about March 27, 2007, Lissak borrowed $333,500.00 (the loan), evidenced by a Deed of Trust, listing U.S. Bank as the loan beneficiary and the holder of the underlying promissory note. On April 1, 2012, Lissak defaulted on the loan by failing to make an installment payment when due; he also failed to make all subsequent payments. U.S. Bank filed a judicial foreclosure lawsuit to obtain a judgment to sell the property at a sheriff's sale.

In response, Lissak filed a denial to U.S. Bank's lawsuit with affirmative defenses and counterclaims for declaratory judgment under the UDJA. He alleged that (1) he informed U.S. Bank that he wanted to be considered for a loan modification, (2) U.S. Bank informed him that only delinquent borrowers are considered for loan modifications, (3) Lissak was informed that he should default on his loan to be considered for a modification, (4) he defaulted on his loan, (5) U.S. Bank failed to consider him for a loan modification, and (6) that he "fully followed [U.S. Bank's] advice in expectation that [U.S. Bank] would offer to him [a] loan modification." Clerk's Papers (CP) at 83. Lissak requested that the superior court enter a declaratory judgment on his right to a loan modification under the UDJA, alleging that:

> A true and justiciable controversy exists between Defendant Lissak and Plaintiff U.S. Bank National Association regarding Defendant's rights to loan modification. Adjudication of this controversy by this Court would definitively resolve the controversy.
>
> A true and justiciable controversy exists between Defendant Lissak and Plaintiff U.S. Bank National Association regarding Defendant's rights based on representations made by the Plaintiff's representatives with relation to loan

modification and Defendant's reliance on such representations. Adjudication of this controversy by this Court would definitively resolve the controversy.

CP at 84-85. U.S. Bank moved to dismiss under CR 12(b)(6).

The superior court granted U.S. Bank's motion to dismiss under CR 12(b)(6). Lissak appeals.

## ANALYSIS

Lissak argues that (1) the superior court erred in ruling that it lacked jurisdiction, (2) he properly pled his counterclaims for declaratory judgment under the UDJA, and (3) the superior court denied him his right to a jury trial when it dismissed his counterclaims. We disagree.

### I. SUPERIOR COURT'S UDJA JURISDICTION

We review de novo a ruling on a motion to dismiss a claim under CR 12(b)(6). *Gorman v. City of Woodinville*, 175 Wn.2d 68, 71, 283 P.3d 1082 (2014). The superior court properly dismisses a complaint only if the complaint alleges no facts that would justify recovery. *Gorman*, 175 Wn.2d at 71. We presume the plaintiff's allegations to be true, and we draw all reasonable inferences from those facts in the plaintiff's favor. *Gorman*, 175 Wn.2d at 71. "The UDJA 'is designed to settle and afford relief from insecurity and uncertainty with respect to rights, status and other legal relations'" and we construe it liberally. *Pasado's Safe Haven v. State*, 162 Wn. App. 746, 759, 259 P.3d 280 (2011) (quoting *DiNino v. State*, 102 Wn.2d 327, 330, 684 P.2d 1297 (1984)); RCW 7.24.120. The UDJA provides:

> A person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder.

3

RCW 7.24.020. CR 57, which governs declaratory judgments in civil cases, provides in pertinent part:

> The procedure for obtaining a declaratory judgment pursuant to the Uniform Declaratory Judgments Act, RCW 7.24, shall be in accordance with these rules, and the right to trial by jury may be demanded under the circumstances and in the manner provided in rules 38 and 39. The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate.

Lissak argues that his counterclaims fall within the UDJA because he and U.S. Bank "need to know their rights and liabilities under the U.S. Bank's loan modification process." Br. of Appellant at 9. Because Lissak does not seek to resolve a "question of construction or validity" of a contract, we hold that he does not have a justiciable controversy under the UDJA. RCW 7.24.020.

Under the UDJA, a person whose rights, status, or other legal relations are affected by a contract may present a "question of construction or validity arising under the . . . contract," so long as the UDJA's underlying requirements are met. RCW 7.24.020; *see Branson v. Port of Seattle*, 152 Wn.2d 862, 877, 101 P.3d 67 (2004). To seek declaratory judgment under the UDJA, a person must present a "justiciable controversy." *Branson*, 152 Wn.2d at 877. "Absent issues of major public importance, . . . a 'justiciable controversy' must exist before a court's jurisdiction may be invoked under the [UDJA]." *DiNino*, 102 Wn.2d at 330 (quoting *Diversified Indus. Dev. Corp. v. Ripley*, 82 Wn.2d 811, 815, 514 P.2d 137 (1973)). A "justiciable controversy" requires all four of the following elements:

> "(1) . . . an actual, present and existing dispute, or the mature seeds of one, as distinguished from a possible, dormant, hypothetical, speculative, or moot disagreement, (2) between parties having genuine and opposing interests, (3) which involves interests that must be direct and substantial, rather than potential,

theoretical, abstract or academic, and (4) a judicial determination of which will be final and conclusive."

*Pasado's Safe Haven*, 162 Wn. App. at 761 (alteration in original) (quoting *DiNino*, 102 Wn.2d at 330-31). Under the UDJA, a court may not add terms to the contract or write a new contract because:

> courts do not have the power, under the guise of interpretation, to rewrite contracts the parties have deliberately made for themselves[, and they] . . . may not interfere with the freedom of contract or substitute their judgment for that of the parties to rewrite the contract.

*McCormick v. Dunn & Black, P.S.*, 140 Wn. App. 873, 891-92, 167 P.3d 610 (2007).

Lissak fails to establish a justiciable controversy because he does not dispute the construction or validity of his contract with U.S. Bank upon which U.S. Bank initiated judicial foreclosure proceedings, and because his claims are based on purported statements made by U.S. Bank representatives, upon which he apparently seeks to contractually bind U.S. Bank to consider him for a loan modification. But he presents neither evidence of a contract, nor any basis for requiring U.S. Bank to modify his loan. Nor does he plead the existence of an agreement with U.S. Bank to modify his loan; their contract is the Deed of Trust, which requires Lissak to make payments under the terms of the promissory note, and under which U.S. Bank may foreclose upon Lissak's default.[1] Lissak fails to show that this contract required U.S. Bank to modify his loan or

---

[1] *See* CP at 11, 25 ("If an [e]vent of [d]efault has occurred and is continuing, Lender shall have the remedies of a secured party under the Uniform Commercial Code, in addition to all remedies provided by this Instrument or existing under applicable law."), CP at 27 ("If an [e]vent of [d]efault has occurred and is continuing, Lender may, regardless of the adequacy of Lender's security or the solvency of Borrower and even in the absence of waste, enter upon and take and maintain full control of the Mortgaged Property"), CP at 46 (the "failure by Borrower to pay or deposit when due any amount required by the Note, this Instrument, or any other Loan Document" triggers default).

to even consider a loan modification. If the superior court would have elected to interpret such a provision into the contract, it would have rewritten the contract by adding language to which the parties never agreed, thereby exceeding its jurisdiction under the UDJA. *See McCormick*, 140 Wn. App. at 891; *see also In re Marriage of Mudgett*, 41 Wn. App. 337, 341, 704 P.2d 169 (1985) (holding that, under the UDJA, a court is not permitted to add new terms to a contract or rewrite a contract).

Because Lissak fails to present evidence of a contract between him and U.S. Bank for the right to a loan modification, his argument is, at best, relegated to the parties' rights and liabilities under a potential contract. Accordingly, Lissak's dispute is merely "'possible, . . . hypothetical, [or] speculative,'" and is not a justiciable controversy for the superior court. *Pasado's Safe Haven*, 162 Wn. App. at 761 (quoting *DiNino*, 102 Wn.2d at 330-31). Because his counterclaims for declaratory judgment do not satisfy all four elements to present a justiciable controversy, the superior court properly granted U.S. Bank's CR 12(b)(6) motion and dismissed his counterclaims.[2]

---

[2] Lissak also argues that the superior court erred in ignoring his pleadings and misinterpreting his arguments, and that the court treated his counterclaims for declaratory judgment as a request for the court to modify his loan rather than a request to decide his right to be considered for a loan modification. Because Lissak's request would revise or create contractual obligations in the Deed of Trust between him and U.S. Bank, the superior court properly held that "ordering a loan modification would amount to creating a new contract or altering an existing one," and thus "the court lacks jurisdiction under the [UDJA] to provide the relief sought by [Lissak]." CP at 106 (citing *Mudgett*, 41 Wn. App. at 341). We see no misinterpretation of Lissak's counterclaims; he sought relief that went beyond a question of validity or construction of the contract already in place between Lissak and U.S. Bank. Lissak's request was thus outside the scope of the UDJA and the superior court correctly dismissed his counterclaims.

## II. JURY TRIAL RIGHT

Lissak also argues that the superior court violated his right to a jury trial by granting U.S. Bank's motion to dismiss. *See* WASH. CONST. art. I, § 21 ("The right of trial by jury shall remain inviolate."). But because he fails to show a "justiciable controversy" for his counterclaims and he cannot prevail at trial, there is no right to a jury trial. *McCormick*, 140 Wn. App. at 891 (court may exercise jurisdiction only over justiciable controversies); *see also Sudar v. Dep't of Fish & Wildlife Comm'n*, ___ Wn. App. ___, 347 P.3d 1090, 1096 (2015) ("The trial court may grant a CR 12(b)(6) motion when no facts exist that would justify recovery," such as when there is no justiciable controversy.). And he cites no other factual support or legal authority for his statement that the superior court violated his right to a jury trial, thus we need not address his argument further.[3]

Because the superior court lacked jurisdiction under the UDJA to grant Lissak the relief he sought[4] and because Lissak never stated a claim under which he could prevail at trial, the superior court properly dismissed his counterclaims and properly concluded that he has no right to a trial

---

[3] RAP 10.3(a)(6) requires the appellant's brief to include "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record."

[4] We do not decide whether Lissak may have other remedies available to him.

No. 46293-1-II

on his counterclaims. We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

BJORGEN

JOHANSON, C.J.

8