Davis *vs.* The State of Georgia.

JOSEPH A. DAVIS, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. Statutory meaning of the term " costs," as applied to proceedings in Courts.
2. Under the Act of April 17, 1863, entitled " an Act to provide for the payment of expenses incurred under ' an Act to prevent the spread of small-pox in this State,' assented to December 11th, 1862," the fees of the Solicitor General, representing the State, in an issue thereby directed, are not taxable in the bill of costs, to be paid by the claimant.

Motion to tax Solicitor's fees, in Dougherty Superior Court. Decided by Judge RICHARD H. CLARK, at the June Term, 1863.

Dr. Joseph A. Davis filed his petition in the Superior Court of Dougherty county, setting forth a claim against the State of Georgia for professional services rendered to patients in said county afflicted with small-pox. The claim amounted, in the aggregate, to $3,200, some of the items being for moneys paid out by the petitioner for the small-pox hospitals in said county.

The claim was tried by a special jury, upon proof submitted, and the State was represented by L. P. D. Warren, Esq., Solicitor General of the Southwestern Circuit. The jury returned a verdict in favor of Dr. Davis for $2,746 60.

The Solicitor General moved to tax in the bill of cost, against the petitioner, his fee of ten *per centum* on the amount recovered, which motion was allowed by the presiding Judge ; and the writ of error in this case is prosecuted to reverse that judgment.

VASON, DAVIS & COMPANY, for plaintiff in error.

L. P. D. WARREN, *contra.*

*By the Court.*—JENKINS, J., delivering the opinion.

This is a proceeding under the Act of April 17th, 1863, entitled " an Act to provide for the payment of expenses incurred under ' an Act to prevent the spread of small-pox in this State,' assented to December 11th, 1862." By the last mentioned Act it is provided that the Inferior Court of any county, in which small-pox may appear, are authorized and empowered to provide a suitable hospital for such patients, and to furnish them with medical, and any other attention required. It is further provided " that said Court shall have all accounts (for services under said Act) properly audited, and forwarded to his Excellency the Governor, who shall draw his warrant upon the Treasury for the amount set forth in said account or accounts." Very many of these accounts being considered exorbitant, the Legislature in April last passed the Act whose title is quoted above, whereby parties interested in them are authorized to file their petitions in the Superior Court of the county (wherein the services were rendered) as against the State, setting forth his claim, which shall be tried by a special jury upon proof. It is also provided that on the trial of such claims, the State shall be represented by the Solicitors General of their respective circuits in which they may be tried ; " the COST *to be paid by the claimant in all cases.*"

The case before Court was one of this class, and the jury found for the claimant a less amount than he claimed. The Court below decided that the Solicitor General defending the State was entitled to ten per cent. upon the amount

found to be due, and ordered that that sum be taxed in the bill of costs against the claimant; the claimant excepted, and the correctness of this ruling is the sole question presented by this record.

1. The term "*costs,*" as applied to proceedings in a Court of Justice, has, in the acceptation of the profession, and by the practice of all Courts in Georgia, a well understood meaning. It includes all charges, fixed by statute, as compensation for services rendered by officers of the Court in the progress of the cause.

2. It does not embrace fees, to which counsel prosecuting or defending may be entitled by contract, express or implied, between them and their clients. No reason occurs to us, why a different rule should be applied where the State voluntarily becomes a party litigant. This obvious construction is moreover commended by its consonance with the justice of the case. Unless constrained by express enactment, or necessary implication, we would not be justified in imposing this burthen upon a party, driven by the State into the Courts to obtain compensation for services rendered by authority of law.

We think the ruling of the Court was erroneous, and must be reversed.

Let the judgment be reversed.