39672. ROYAL FINANCE COMPANY v. KNIPHER et al.

FELTON, Chief Judge. The plaintiff in error obtained a money judgment in a trover action against the defendants in error and levy was made on a fi. fa. which included principal, hire and costs. The property was stolen from the sheriff's custody

and the defendants could not be located so, a year later, the clerk of the court issued a fi. fa. against the plaintiff for these same costs plus attorney's fees for the plaintiff's attorney. The plaintiff's affidavit of illegality to the execution, attacking the claim for attorney's fees, was overruled, to which judgment it excepts.

"Costs" in judicial proceedings includes all charges, fixed by statute, as compensation for services rendered by officers of the court in the progress of the cause, and does not embrace fees, to which counsel prosecuting or defending may be entitled by contract, express or implied, between them and their clients. *Davis v. State of Georgia,* 33 Ga. 531, 533; *Markham v. Ross,* 73 Ga. 105 (1b). Although a court of equity can in its discretion allow attorney's fees, this principle does not apply in ordinary adversary proceedings. *Eckford v. Borough of Atlanta,* 173 Ga. 650, 652 (160 SE 773). Regardless of whether or not the fi. fa. was properly issued against the plaintiff for the proper costs under *Code* § 24-3411, which provides for such fi. fa. when the execution is returned "no property to be found," which question is not here decided, the inclusion of attorney's fees in the fi. fa. was illegal because the fi. fa. was not issued on any judgment for attorney's fees in favor of the plaintiff's attorney against the plaintiff. There is no provision in the Georgia law whereby the clerk of a court can issue a fi. fa. for attorney's fees against a party in favor of his attorney where there has been no judgment or adjudication in favor of the attorney for such fees upon which to base the execution.

The court erred in its judgment dismissing the affidavit of illegality.

*Judgment reversed. Bell and Hall, JJ., concur.*

DECIDED OCTOBER 4, 1962.

*E. L. Stephens, Jr.,* for plaintiff in error.
*Hicks & Hicks, H. T. Hicks, H. Arnold Hicks,* contra.