S89A0005. LAWHORNE v. SOLTIS et al.
(384 SE2d 662)

CLARKE, Presiding Justice.

This appeal concerns title to land. Appellees sought a declaratory judgment that the property in dispute is part of a certain Lot 34, acquired by appellees by warranty deed in 1981. The trial court found that the property was part of Lot 34 and awarded costs and expenses of litigation to appellees.

The trial court found that Fulton Federal Savings and Loan Association acquired title to Lot 34 by warranty deed August 22, 1977, and conveyed it to Thompson-Mosteller February 11, 1981. Thompson-Mosteller conveyed Lot 34 by warranty deed to appellees James and Bettie Soltis December 29, 1981. Fulton Federal conveyed Lot 33

to Cloister Homes, Inc., by limited warranty deed August 6, 1981. Fulton Federal conveyed the area in dispute, a portion of Lot 34, to Cloister Homes by quitclaim deed July 27, 1982. Cloister Homes conveyed both Lot 33 and the disputed portion of Lot 34, to Lawhorne July 27, 1982. The trial court ordered that the deeds from Fulton Federal to Cloister Homes and from Cloister Homes to Lawhorne be reformed to exclude all of Lot 34. The court awarded costs in the amount of $5,649.47 to appellees under OCGA § 9-4-9.

1. Appellant argues that the court erred in improperly finding that the property in dispute was part of Lot 34, which belongs to appellees. The trial court in findings made in open court noted that four experts testified on behalf of appellees that the disputed area was part of Lot 34. Appellant presented only one expert who only testified that it was unclear whether the property was part of Lot 34, 33, or on its own.

The warranty deed whereby appellees acquired the property was senior to the limited warranty deed of appellant and incorporated by reference the subdivision plat, making the plat a part of the warranty deed. Appellant is a sophisticated person with 14 years experience in commercial and corporate real estate. He executed a hold harmless agreement with his seller, and he took the disputed property by a limited warranty deed and with knowledge that his seller acquired the property by quitclaim deed. For all these reasons, we find that the court did not err in finding that the disputed area is part of Lot 34, owned by appellees.

2. Appellant contends that the trial court erroneously relied upon parol evidence of expert witnesses whose testimony contradicted the recorded subdivision plat. The ultimate question the trial court had to decide was whether or not the property in dispute was part of Lot 34. The court relied upon the testimony of the experts in the fields of surveying, mapping, and platting for the information to decide the question. This is not the kind of testimony which the parol evidence rule prohibits. Georgia's parol evidence rule, OCGA § 13-2-2 (1), provides that "parol evidence is inadmissible to add to, take from, or vary a written contract." Parol evidence is admissible to construe writings. Agnor's Georgia Evidence, § 14-7. The answer to the question whether the property in dispute is or is not located within Lot 34 is not evident from an examination of the plat. The testimony of witnesses was necessary to aid the court in interpreting the warranty deeds and plat and does not offend the parol evidence rule. It has been specifically held that parol evidence is admissible to show that certain land is located within property described in a deed. *Summerlin v. Hesterly*, 20 Ga. 689 (1856).

Appellant's contention that the testimony of expert witnesses was an impermissible expression of opinion regarding the ultimate ques-

tion of law before the court is similarly without merit. The opinion of an expert is admissible when the expert is asked to make an inference of fact from data presented to him. Agnor's Georgia Evidence, § 9-3. Opinion evidence is not admissible if the inference drawn is a mixture of law and fact. The opinions elicited here concerned the meanings of lines on the plat of a survey showing which land lot contained the disputed area. This is an opinion of fact and does not call for a legal conclusion. Further, since the opinions complained of were conclusions beyond the ken of the average layman within the meaning of *Smith v. State*, 247 Ga. 612 (277 SE2d 678) (1981), the opinion testimony here did not take an ultimate issue away from the fact finder.

3. Appellant insists that the award of costs and attorney fees was unwarranted. The parties stipulated in the consolidated pre-trial order under "Damages" that "[t]he Court may make such award of costs as may seem equitable and just. Section 9-4-9 O.C.G.A." OCGA § 9-4-9 provides the lower court may, in its discretion, award costs in a declaratory judgment action in an equitable manner. There is no requirement for a finding of stubborn litigiousness. Although in the final order the court ostensibly awarded only costs, the transcript of the colloquy between the trial court and counsel over the preparation of the final order indicates that this amount also included attorney fees and the fees of experts.

The only prayer for attorney fees in the complaint is for relief under OCGA § 9-4-9, which allows only costs. "Costs" does not include attorney fees. *Royal Finance Co. v. Knipher*, 106 Ga. App. 712 (127 SE2d 922) (1962). "The term costs, as applied to proceedings in a Court of Justice . . . includes all charges fixed by statute, as compensation for services rendered by officers of the court in the progress of the cause." *Davis v. State*, 33 Ga. 531, 533 (1863). "The expenses of litigation are not generally allowed as a part of the damages; but if the defendant has acted in bad faith, or has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them. OCGA § 13-6-11." *Lindsey v. Heard Oil Co.*, 170 Ga. App. 572, 574 (317 SE2d 597) (1984). The complaint contained no allegations of bad faith, stubborn litigiousness, or any other conduct which would justify attorney fees or expenses of litigation under OCGA § 13-6-11. We therefore find that to the extent that the award of "costs" included attorney fees or expenses of litigation, it was not allowable and remand this case for a determination of costs consistent with this opinion.

*Judgment affirmed in part, reversed in part, and remanded with direction. All the Justices concur.*

DECIDED OCTOBER 26, 1989

*John P. Cripe*, for appellant.
*Douglas D. Middleton*, for appellees.