A93A2369. BEARDEN v. CITY OF AUSTELL.
(441 SE2d 782)

POPE, Chief Judge.

Appellant-employee Gil Bearden was notified of his proposed termination as a police officer for the City of Austell. After an evidentiary pre-termination hearing, the Police Committee of the Austell City Council voted to fire Bearden. This decision was upheld after a de novo evidentiary administrative hearing before the entire city council, with the mayor not participating. Cf. *Knight v. Town of Jesup*, 17 Ga. App. 557 (1) (87 SE 814) (1916). Bearden sought certiorari in the superior court. The final order of the superior court affirmed Bearden's dismissal by the City and also taxed to him costs incurred by the City in the certiorari phase of the proceeding, including expenses incurred by the city council in retaining an attorney and conducting the administrative hearing. Bearden's application for discretionary appeal was granted by this court and a timely notice of appeal was filed.

1. Bearden asserts that the superior court applied an erroneous standard of review and that the evidence does not support his dismissal. After the hearing, the city council entered written findings of fact, itemizing the evidence deemed credible and distinguishing the testimony given little or no weight. Three reasons were given for his termination: 1) that Bearden had asked the dispatcher to falsify his availability or readiness while on duty; 2) that he had been insubordinate to the mayor; and 3) that he had left his post without proper authorization.

The scope of review applied by the superior court on certiorari "shall be limited to all errors of law and [the] determination as to

whether the judgment or ruling below was sustained by substantial evidence." OCGA § 5-4-12 (b). Contrary to Bearden's contention that the superior court erroneously applied an "any evidence" test, the order of the superior court expressly recites that the "substantial evidence" standard of review was applied below. Compare *Graham v. Wilkes*, 188 Ga. App. 402 (373 SE2d 90) (1988).

In support of his contention that the evidence is insufficient to authorize his termination, Bearden argues that the administrative hearing was quasi-criminal and that the evidence adduced below does not prove the specific facts alleged against him. In essence, he urges a fatal variance between the allegations and the evidence. However, a disciplinary hearing before the police committee of a city council is *not* a criminal or quasi-criminal proceeding. *City of Atlanta v. Stallings*, 198 Ga. 510 (32 SE2d 256) (1944). The city council was not absolutely bound by the facts alleged in the original notice of proposed termination. "The key to pleading in the administrative process is adequate opportunity to prepare. When an original notice or pleading is inadequate, it is normally supplemented by informal communication, by formal amendment, by a bill of particulars, by prehearing conferences, or by ample continuances at the hearing. And the question on review is not the inadequacy of the original notice or pleading but is the fairness of the whole procedure." (Citations and punctuation omitted.) *Smith v. City of East Point*, 189 Ga. App. 454, 456 (2) (376 SE2d 215) (1988). There is direct evidence that Bearden frequently asked the dispatcher to enter an assignment code which did not accurately reflect his immediate availability for duty. There is also direct evidence that he left his post without being properly discharged by a superior officer and without notifying the dispatcher that he was off duty, in violation of departmental rules. Pretermitting the allegation that Bearden had been insubordinate to the mayor, the record demonstrates an ample evidentiary basis for termination based upon false log entries and leaving his post without proper authority. The enumeration of the general grounds is without merit.

2. Bearden was notified of the proposed termination in a letter signed by the mayor and delivered to Bearden by the mayor in the presence of the chief of police. Claiming that he could be fired only by the chief of police and not the mayor, Bearden argues that his dismissal is unauthorized by law. However, the initial termination by the mayor and police committee was superseded by the subsequent decision of the entire city council. Any impropriety or procedural irregularity in the mayor's unilateral attempt to fire Bearden raises only a question of the *form* of the notice of adverse action, thus any irregularity has been rendered moot by the decision of the entire city council made after an evidentiary hearing. See generally *Smith v. City of East Point*, supra. Bearden's second enumeration of error is without

merit.

3. Bearden asserts that his complete termination for such minor infractions is unauthorized under the City of Austell's personnel policy employing a concept of progressive discipline. We are unable to address whether a progressive disciplinary policy confers upon Bearden any substantive rights which have been violated by his outright termination as opposed to a warning or reprimand or some lesser punishment, for it appears that this issue was not raised before and ruled upon by the superior court. "No ground of error shall be considered [by the superior court] which is not distinctly set forth in the petition [for certiorari]." OCGA § 5-4-12 (a). Although Bearden raised this issue before the police committee, his failure to insist upon this ground in the superior court amounts to an abandonment and precludes consideration of this issue by this court. See *Savannah, Thunderbolt & Isle of Hope R. v. Fennell*, 100 Ga. 474 (2) (28 SE 437) (1897); *Campbell v. City of Atlanta*, 61 Ga. App. 747 (1) (7 SE2d 315) (1940).

4. Having affirmed Bearden's dismissal, the superior court entered an award of costs against him pursuant to OCGA § 5-4-17, in the amount of $1,495.18. This award purportedly represents the costs incurred by the City for the certiorari proceeding. Bearden enumerates this award as error, claiming that the award impermissibly includes attorney fees as an element of those costs.

OCGA § 5-4-17 provides in part: "If the certiorari is dismissed and a final decision is made in the case by the superior court, the defendant in certiorari may have judgment entered in the superior court against the plaintiff and his security for the sum recovered by him, together with the *costs in the superior court*." (Emphasis supplied.) Included in the City's claim for "costs in the superior court" is an item for the professional services of the city attorney, in the amount of $1,988. The superior court allowed $1,121 of this item as "costs in the superior court" and it is to this portion of the judgment for costs that Bearden objects.

"The term '*costs*,' as applied to proceedings in a Court of Justice, has, in the acceptation of the profession, and by the practice of all Courts in Georgia, a well understood meaning. It includes all charges, fixed by statute, as compensation for services rendered by officers of the Court in the progress of the cause. It does not embrace fees, to which counsel prosecuting or defending may be entitled." (Emphasis in original.) *Davis v. State of Ga.*, 33 Ga. 531, 533 (1, 2) (1863). The courts in Georgia have consistently held that attorney fees are not recoverable unless *specifically* provided for by statute or contract. See *Harrison v. Harrison*, 208 Ga. 70 (65 SE2d 173) (1951). See, e.g., OCGA § 45-19-39; OCGA § 13-1-11 (a); OCGA § 44-7-35; OCGA § 19-6-2 (all of which specifically provide for an award of attorney

fees). The City's reliance upon *Johns v. Lewis Drug Co.*, 120 Ga. 640 (48 SE 127) (1904) is misplaced. That case interprets what is now OCGA § 5-4-5 (a) and does not purport to hold that attorney fees are "costs in the superior court" within the contemplation of OCGA § 5-4-17. To the extent that this award of OCGA § 5-4-17 "costs" included either attorney fees or the expenses of litigation, it was not allowable and that portion of the judgment must be written off. See *Lawhorne v. Soltis*, 259 Ga. 502, 504 (3) (384 SE2d 662) (1989). Bearden does not challenge that portion of the award which appears to be the cost of preparing the record in the trial forum for review by the superior court on certiorari. The judgment of the superior court is affirmed on the condition that, upon receipt of the remittitur, the superior court will write off from that judgment the amount of $1,121 representing the attorney fees impermissibly awarded as costs within the purview of OCGA § 5-4-17; otherwise reversed.

*Judgment affirmed on condition. Birdsong, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 18, 1994 —
RECONSIDERATION DISMISSED MARCH 11, 1994 — 

*H. Darrell Greene & Associates, Paul Shimek III*, for appellant.
*Dupree, Johnson & Poole, Hylton B. Dupree, Jr., A. Gregory Poole, Smith, Eubanks, Smith & Darden, David P. Darden*, for appellee.