In the Supreme Court of Georgia

Decided: January 19, 2016

S15A1451. BELCHER v. BELCHER.

MELTON, Justice.

Donald Belcher (Husband) and Sarah Belcher (Wife) divorced in 2005. Following a dispute over unpaid alimony to Wife in which Wife eventually prevailed, the trial court awarded $2,500 in attorney fees to Wife in a December 17, 2014, order. Husband initially filed a timely application for discretionary appeal of this order in the Court of Appeals, and the Court of Appeals properly transferred the application to this Court. This Court granted Husband's application to determine whether the trial court erred in its award of attorney fees to Wife, and, for the reasons set forth below, we must reverse the trial court's December 17th order in part, vacate the order in part, and remand this case to the trial court for further proceedings.

By way of background, the parties' divorce decree requires Husband to pay Wife alimony of $500 per month until her death or remarriage. In December

2013, Husband stopped making alimony payments and had a stop payment order put on the previous month's alimony check. On April 16, 2014, Wife called Husband's telephone number and spoke to his current wife, and, in early May, she sent Husband and his current wife certified letters, which the current wife signed for, notifying them that payment was declined on the November 2013 check and requesting payment by cashier's check or money order. On May 15, 2014, Husband's attorney wrote to Wife, acknowledging her certified letters, saying that Husband "has held all [alimony) payments in savings," and demanding adequate proof of Wife's "current health status" before the funds would be released to Wife. Wife then hired an attorney, who wrote to Husband's attorney on June 11, explicitly stating that "she [i.e., Wife] is alive" and demanding immediate payment of all past due alimony and resumption of monthly alimony payments.

On July 7, 2014, Husband filed a verified petition for a declaratory judgment. Husband alleged that Wife had cancer and that he did not know if she had "survived treatment," and he asked for a declaration requiring Wife to verify her "ongoing health status" to him and to provide him with "notice of her passing." On July 9, Wife was personally served, as indicated on the Sheriff's

2

Entry of Service. Wife filed a verified answer and a motion to dismiss the petition under OCGA § 9-11-12 (b) (6), and the trial court held a hearing on August 5 that Wife attended. On September 2, the court entered an order dismissing Husband's petition, holding that the divorce decree is clear and unambiguous on the issue of alimony and that Husband's request for proof that Wife was alive was moot given the evidence, including her appearance in court.

On September 15, 2014 Wife filed a motion for attorney fees under OCGA §§ 9-4-9 and 9-15-14 (a).[1] On November 3, without holding a hearing, the court entered an order recognizing that attorney fees are not "costs" under § 9-4-9 but granting Wife's motion under § 9-15-14 (a) and limiting the issues at an upcoming hearing to "the amount of attorney's fees and expenses to be awarded . . . and whether the award . . . shall be against Mr. Belcher, his attorney, or both." On November 10, the court held an evidentiary hearing, and,

---

[1] OCGA § 9-4-9 says: "In any proceeding under this [Declaratory Judgments] chapter the court may make such award or division of costs as may seem equitable and just." OCGA § 9-15-14 (a) mandates an award of attorney fees and litigation expenses "to any party against whom another party has asserted a claim, defense, or other position with respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not reasonably be believed that a court would accept the asserted claim, defense, or other position."

on December 17th, the court entered a very short order requiring Husband to pay Wife $2,500 in attorney fees under OCGA §§ 9-4-9 *and* 9-15-14 (a). In its December 17th order, the court did not make any express findings specifying the abusive conduct for which the award under OCGA § 9-15-14 (a) was proper.

This Court granted Husband's application to appeal with the following question:

> Did the trial court err in its December 17, 2014 order to the extent that it awarded attorney fees under OCGA § 9-4-9 and by awarding attorney fees under OCGA § 9-15-14 (a) without making express findings specifying the abusive conduct for which the award was made? See Lawhorne v. Soltis, 259 Ga. 502, 504 (384 SE2d 662) (1989); Williams v. Becker, 294 Ga. 411, 413-414 (754 SE2d 11) (2014).

As Wife correctly concedes, the trial court erred to the extent that it awarded attorney fees under OCGA § 9-4-9 and to the extent that its award was procedurally improper under OCGA § 9-15-14 (a) in that the court did not make express findings specifying the abusive conduct for which the award was made. See Lawhorne, supra, 259 Ga. at 504 (3) (award under OCGA § 9-4-9 "allows only costs[, and] '[c]osts' does not include attorney fees") (citation omitted); Williams, supra, 294 Ga. at 413-414 (2) (a) ("Unless the party against whom attorney fees may be awarded waives a hearing expressly or by its conduct, the

4

court must hold an evidentiary hearing, after due notice of the fees issue, to provide the party the opportunity to confront and challenge the evidence regarding the need for and value of the legal services at issue. . . . If the court awards attorney fees under OCGA § 9-15-14, it must make express findings specifying the abusive conduct for which the award is made"). Accordingly, we must reverse the portion of  the trial court's December 17 order awarding attorney fees under OCGA § 9-4-9, vacate the portion of the order awarding fees under OCGA § 9-15-14, and remand this case to the trial court with the direction that it enter a proper order on Wife's motion for attorney fees under OCGA § 9-15-14.

Judgment reversed in part and vacated in part, and case remanded with direction. All the Justices concur.