**FIRST DIVISION**
**BARNES, P. J.,**
**MCMILLIAN and REESE, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 6, 2018**

# In the Court of Appeals of Georgia

A18A0362. BELCHER v. BELCHER.

REESE, Judge.

In his second appeal, Appellant Donald Belcher seeks review of the trial court's award of attorney fees under OCGA § 9-15-14 to his former spouse, Appellee Sarah Belcher. Previously, the Georgia Supreme Court reversed in part, vacated in part, and remanded this action to the trial court for a proper order on the Appellee's motion for attorney fees pursuant to OCGA § 9-15-14 in the case.[1] Upon remand, the trial court awarded the Appellee $2,500, and this appeal followed. For the reasons set

---

[1] See *Belcher v. Belcher*, 298 Ga. 333 (782 SE2d 2) (2016). The Supreme Court of Georgia transferred to this Court the Appellant's application for discretionary appeal, which was filed after January 1, 2017, the effective date of OCGA § 15-3-3.1 (a) (5), which transferred to this Court original appellate jurisdiction over divorce and alimony cases.

forth infra, we affirm the trial court's decision to award attorney fees, but vacate the amount awarded and remand this case for further proceedings.

Because a detailed factual history of this case is found in the opinion in the first appeal, a brief summary and subsequent pertinent facts follow.[2] Pursuant to a divorce decree, the Appellant was required to pay the Appellee $500 in monthly alimony until her death or remarriage.[3] In December 2013, the Appellant stopped making alimony payments and "had a stop payment order put on the previous month's alimony check."[4] Although the Appellee and her attorney contacted the Appellant about the missed payments and assuring him that she was "alive," the Appellant refused to pay the overdue funds and resume the alimony payments until the Appellee provided

---

[2] See, e. g., *Lima Delta Co. v. Global Aerospace*, 338 Ga. App. 40, 46 (3) (789 SE2d 230) (2016) ("OCGA § 9-11-60 (h) provides that any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be. [I]f subsequent to an appellate decision, the evidentiary posture of the case changes in the trial court, [o]ur review is limited to the effect of the new evidence, and we are precluded from reconsidering previously decided issues except to the extent of the additional evidence.") (citation and punctuation omitted).

[3] See *Belcher*, 298 Ga. at 333.

[4] Id.

"adequate proof" of her "current health status."[5] The Appellant subsequently filed a petition for declaratory judgment, seeking "a declaration requiring [the Appellee] to verify her 'on going health status.'"[6] The Appellee filed an answer and a motion to dismiss the petition.[7]

The trial court dismissed the declaratory judgment action for failure to state a claim.[8] The Appellee filed a motion for attorney fees under OCGA §§ 9-4-9 and 9-15-14 (a).[9] After conducting a hearing, the trial court entered an order awarding the Appellee $2,500 in attorney fees under both statutes.[10]

The Appellant appealed, and the Supreme Court of Georgia reversed the trial court's order to the extent it awarded attorney fees under OCGA § 9-4-9.[11] The Court

---

[5] Id.

[6] Id. at 333-334.

[7] Id. at 334.

[8] Id.; see OCGA § 9-11-12 (b) (6).

[9] *Belcher*, 298 Ga. at 334.

[10] Id.

[11] Id. at 334-335; see *Lawhorne v. Soltis*, 259 Ga. 502, 504 (3) (384 SE2d 662) (1989) (OCGA § 9-4-9 only allows an award of court "costs," which does not include attorney fees or the other expenses of litigation.).

3

also vacated the OCGA § 9-15-14 attorney fee award, finding that the trial court failed to "make express findings specifying the abusive conduct for which the award was made," and directing the trial court to "enter a proper order on [the Appellee's] motion for attorney fees under OCGA § 9-15-14."[12] Upon remand, the trial court entered a new order granting the Appellee's motion and awarding $2,500 in attorney fees under OCGA § 9-15-14, without identifying the applicable subsection. This appeal followed.

As an initial matter, "an order awarding attorney fees pursuant to [OCGA § 9-15-14] must specifically state whether the award is made under OCGA § 9-15-14 (a) or (b)."[13]

> [T]he court must make express findings of fact and conclusions of law as to the statutory basis for any such award and the conduct which would authorize it. Specificity in the award is important because the standards of appellate review are different under each subsection: the standard under subsection (a) is the any evidence rule; the standard under subsection (b) is abuse of discretion.[14]

---

[12] *Belcher*, 298 Ga. at 335.

[13] *Landry v. Walsh*, 342 Ga. App. 283, 286 (2) (801 SE2d 553) (2017) (citation and punctuation omitted).

[14] *Fulton County School Dist. v. Hersh*, 320 Ga. App. 808, 814-815 (2) (740 SE2d 760) (2013) (citations and punctuation omitted).

As noted above, the award of attorney fees here fails to identify the subsection of the statute under which the trial court awarded the attorney fees. However, the trial court's order stated that the motion for declaratory judgment showed "a complete absence of any justiciable issue of law or fact such that the [Appellant] could have reasonably believed that this Court would grant the relief sought." Thus, we find that the language used by the trial court substantially tracked the wording of OCGA § 9-15-14 (a).[15] Under these circumstances, the trial court's failure to specify the subsection does not constitute reversible error.[16]

OCGA § 9-15-14 (a) requires an award of reasonable and necessary attorney fees when a party asserts "a claim, defense, or other position with respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim, defense, or other position." As noted above, this Court will affirm an award pursuant

---

[15] See OCGA § 9-14-15 (a) (providing for award of attorney fees where a party "has asserted a claim, defense, or other position with respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim, defense, or other position[ ]").

[16] See *Williams v. Warren*, 322 Ga. App. 599, 602 (1) (745 SE2d 809) (2013) (Where the order substantially tracked the language of subsection (a), the failure to specify the subsection is not fatal to the award.).

5

to OCGA § 9-15-14 (a) if there is any evidence to support it.[17] With these guiding principles in mind, we turn now to the Appellant's specific claims of error.

1. The Appellant argues that the trial court erred in awarding attorney fees under OCGA § 9-15-14 (a) because his declaratory judgment action presented justiciable issues of law and fact. We disagree.

It is well settled that a declaratory judgment,[18]

> is one which simply declares the rights of the parties or expresses the opinion of the court on a question of law, without ordering anything to be done; its distinctive characteristic being that the declaration stands by itself, and no executory process follows as of course; and the action is therefore distinguished from other actions in that it does not seek execution or performance from the defendant or opposing party.[19]

---

[17] *Shiv Aban, Inc. v. Ga. Dept. of Transp.*, 336 Ga. App. 804, 814 (2) (784 SE2d 134) (2016) (citations and punctuation omitted).

[18] See OCGA § 9-4-2 (b) (The superior courts "shall have power, upon petition or other appropriate pleading, to declare rights and other legal relations of any interested party petitioning for the declaration . . . in any civil case in which it appears to the court that the ends of justice require that the declaration should be made[.]").

[19] *Burgess v. Burgess*, 210 Ga. 380, 382-383 (2) (80 SE2d 280) (1954) (construing former Ga. Code Ann. § 110-1101 et seq.) (citation and punctuation omitted); see *Kirkland v. Morris*, 233 Ga. 597, 598 (212 SE2d 781) (1975) ("The distinctive characteristic of a declaratory judgment is that the declaration stands by itself and *does not seek execution or performance by the defendant*.") (citations omitted; emphasis supplied).

6

Also, "[a] declaratory judgment is an appropriate means of ascertaining one's rights and duties under a contract and decree of divorce."[20] In the present case, the Appellant sought verification, through a declaratory judgment, of the Appellee's "health status." The record shows that the Appellant did not appeal the trial court's order dismissing his petition for declaratory judgment for failure to show he was entitled to relief.

In the trial court's attorney fee order, it found that "[t]he Final Judgment and Decree was clear and unambiguous as to the requirements of alimony payments." According to the trial court, the Appellant, without exercising any due diligence, "unilaterally and without authority of the [trial court], determine[d] that the [Appellee] was no longer entitled to receive alimony payments based upon [his] arbitrary terms." The trial court concluded that, based on the Final Judgment and Decree, the Appellant was not entitled to any of the information requested in the declaratory judgment petition and that the Appellant's actions caused the Appellee to retain counsel and incur "fees, costs, and expenses."

Although the Appellant asserts that he merely sought "reasonable notice" of the Appellee's current health status, he has provided no legal authority that

---

[20] *Bache v. Bache*, 240 Ga. 3 (2) (239 SE2d 677) (1977) (citation omitted).

"reasonable notice" is a remedy available under OCGA § 9-4-2. Under the "any evidence standard," the record supported the trial court's finding that the "petition filed by [the Appellant] was frivolous at best and malicious at worst." Therefore, the trial court did not err in awarding attorney fees against the Appellant under OCGA § 9-15-14 (a).

2. The Appellant contends that the award of attorney fees should be reversed because the trial court erred in its findings of fact and misstated part of the procedural history of this case. We disagree.

(a) The Appellant argues that the award of attorney fees should be reversed because the trial court, in its findings of fact, erroneously stated the alimony payment history and improperly characterized a hearing that occurred prior to the first appeal. We disagree.

First, the record shows that the trial court's findings of fact as to the alimony payments are consistent with the Supreme Court of Georgia's detailed factual history of this case in the first appellate opinion.[21] Because the parties did not submit

_____

[21] See *Belcher*, 298 Ga. at 333-334.

additional evidence following remand by the Supreme Court, we are bound by the Supreme Court's recitation of the facts.[22] Therefore, this argument is without merit.

Second, the trial court, in its findings of fact, stated that it conducted a hearing prior to dismissing the Appellant's declaratory judgment petition. The record shows that the original trial court scheduled a hearing on August 5, 2014 on the petition, however, there is no transcript of the proceedings. Further, in its order entered September 8, 2014 dismissing the Appellant's petition for declaratory judgment, the original trial court stated that it heard "evidence, testimony and argument of counsel" and that the Appellee appeared in court "alive." Moreover, the Supreme Court stated in the previous appeal that "the trial court held a hearing on August 5 that [the Appellee] attended."[23] We find the error, if any, harmless.[24]

(b) The Appellant also argues that the trial court misstated part of the procedural history in its order awarding attorney fees under OCGA § 9-15-14 (a).

---

[22] See *Lima Delta. Co.*, 338 Ga. App. at 46 (3).

[23] *Belcher*, 298 Ga. at 334.

[24] *Sweat v. Sweat*, 281 Ga. 543, 545 (2) (641 SE2d 1) (2007) ("To have reversible error, there must be harm as well as error, and the lack of harm renders the enumeration of error without merit.") (citation omitted); see also *Miller Grading Contractors v. Ga. Fed. Sav. & Loan Assn.*, 247 Ga. 730, 734 (3) (279 SE2d 442) (1981) ("[E]rror which is harmless will not be cause for reversal.").

9

Specifically, the Appellant contends that the "ruling by the original trial court was not that the action was 'dismissed' but rather, it was 'denied' in part as 'moot' and in part due to the court's belief that there was no authority for it to grant the relief requested." We disagree.

The record shows that the original trial court dismissed[25] the Appellant's declaratory judgment action for failure to state a claim, ruling that the Appellant already received the relief he was seeking, i.e., that the Appellee was alive. Because there was no longer a matter in controversy and the Appellant was not entitled to further relief, the complaint failed to state a cause of action and had to be dismissed.[26]

In its order granting attorney fees, following the remand from the Supreme Court, the trial court stated that "[the original trial court] ruled that the issues raised by the [Appellant] were moot and that the [Appellant's] action should be dismissed." We find this recitation closely matches that of the Supreme Court of Georgia, which stated in *Belcher*, "the [trial] court entered an order dismissing [the Appellant's] petition, holding that the divorce decree is clear and unambiguous on the issue of

---

[25] Although the original trial court's order stated that the Appellant's petition was "denied," the order effectively dismissed the petition.

[26] See OCGA § 9-11-12 (b) (6); see also *Poole v. City of Atlanta*, 117 Ga. App. 432, 434-435 (2) (160 SE2d 874) (1968).

alimony and that [the Appellant's] request for proof that [the Appellee] was alive was moot given the evidence, including her appearance in court."[27] Therefore, we find this argument lacks merit.[28]

3. The Appellant argues that the trial court erred in awarding a lump sum of attorney fees. We agree.

The record shows that the Appellee requested $3,880.72 in attorney fees, but the trial court awarded her only $2,500. At the hearing, the Appellee's counsel presented evidence of his years of experience, his invoices, his hourly rate, and its reasonableness. The Appellant did not cross-examine the Appellee's counsel.

According to our holdings in Divisions 1 and 2, supra, the trial court did not err in finding that the award of attorney fees is appropriate under OCGA § 9-15-14 (a). Although the trial court's award of $2,500 in attorney fees may have been reasonable, in cases involving OCGA § 9-15-14 (a), "the trial court must limit the fees award to those fees incurred because of the sanctionable conduct. 'Lump sum'

---

[27] *Belcher*, 298 Ga. at 334.

[28] See *Lima Delta Co.*, 338 Ga. App. at 46 (3).

or unapportioned attorney fees awards are not permitted in Georgia."[29] Further, the trial court must show the "complex decision making process necessarily involved in reaching a particular dollar figure and . . . articulate why the amount awarded was [$2,500], as opposed to any other amount."[30] The trial court's failure to complete this showing requires us to vacate the award of attorney fees and remand for the trial court to specifically identify the sanctionable conduct and provide a sufficient explanation for the amount of attorney fees awarded.[31]

*Judgment affirmed in part, vacated in part, and case remanded. Barnes, P. J., and McMillian, J., concur.*

---

[29] *Butler v. Lee*, 336 Ga. App. 102, 106 (2) (783 SE2d 704) (2016) (Although the award of attorney fees may have been reasonable, the award was vacated and remanded for the trial court to indicate the apportionment of the sanctionable conduct.) (citation and punctuation omitted).

[30] Id. (citations and punctuation omitted).

[31] See *Fedina v. Larichev*, 322 Ga. App. 76, 81 (5) (744 SE2d 72) (2013) (Award of attorney fees for less than the requested amount was vacated and remanded for the trial court to provide "appropriate factfinding with respect to the amount of attorney fees to be assessed.") (punctuation and footnote omitted).