**FIFTH DIVISION**
**DILLARD, C. J.,**
**MCFADDEN, P.J. and RICKMAN, J.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**February 28, 2019**

# In the Court of Appeals of Georgia

A18A1785. BAILEY v. MANER BUILDERS SUPPLY
COMPANY, LLC.

MCFADDEN, Presiding Judge.

This appeal challenges an award of attorney fees under OCGA § 9-15-14.

Because the trial court failed to specify the conduct upon which the award was based,

we must vacate the attorney fees award and remand the case for further proceedings.

1. *Facts and procedural posture.*

On September 28, 2017, the trial court ordered that Glen Bailey, for a period

of two years, cease competing as a salesman and in other capacities with Maner

Builders Supply Company, LLC. On November 22, 2017, Maner filed a motion for

contempt, claiming that Bailey had violated the court's prior order by failing to cease

competing with Maner. In the motion, Maner requested a contempt hearing and also asked for attorney fees, although no statutory basis for such fees was specified.

A hearing on the contempt motion was held on February 2, 2018. During closing arguments, counsel for Maner requested, among other things, an award of attorney fees pursuant to OCGA § 9-15-14 (a) and (b) or OCGA § 13-6-11. Counsel also submitted an affidavit claiming a total bill of $14,327 in fees and $589 in costs. Counsel for Bailey challenged the claims for contempt and the request for attorney fees during his closing argument. At the end of the hearing, the trial judge orally announced that she was inclined to find Bailey in contempt for several, but not all, of the alleged violations of the court's previous non-compete order and that she would award the total amount of requested attorney fees and costs, but not paralegal fees.

The trial court subsequently entered its final order finding that there was sufficient evidence to hold Bailey in contempt for several violations of the prior court order, but that there was not sufficient evidence to find him in contempt regarding two other alleged violations. The court's final order also awarded Maner all of the

attorney fees and costs requested in a lump sum of $13,304 pursuant to OCGA § 9-15-14 (a) and (b).[1] Bailey appeals.

2. *Attorney fees award under OCGA § 9-15-14 (a) and (b).*

Bailey challenges the award of attorney fees under OCGA § 9-15-14 (a) and (b).[2] We are unable to conduct any meaningful review of the award because the trial court failed to make necessary findings of fact.

> Subsection (a) of OCGA § 9-15-14 requires an award of attorney fees when a party asserts a claim, defense, or other position with respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim, defense, or other position. Subsection (b), among other things, gives discretion to a trial court to award attorney fees when a party brings or defends an action that lacked substantial justification. We will affirm an award under subsection (a) if there is any evidence to support it, while we review subsection (b) awards for abuse of discretion.

*Shiv Aban, Inc. v. Ga. Dept. of Transp.,* 336 Ga. App. 804, 814-815 (2) (784 SE2d 134) (2016) (citations and punctuation omitted). Before awarding attorney fees under OCGA § 9-15-14, "[t]he trial court must conduct a hearing on a motion for attorney fees and make findings of fact that specify the conduct upon which the award is

---

[1]The final order was prepared by Maner's counsel.

[2]Maner did not file an appellee's brief.

3

made." *DeRossett Enterprises v. General Electric Capital Corp.*, 275 Ga. App. 728, 731 (4) (621 SE2d 755) (2005) (citation omitted). When a trial court makes an

> award [of] such attorney fees and costs, it is incumbent upon the court to specify the conduct upon which the award is made. To permit meaningful appellate review of an award of fees and expenses, the trial court's order cannot be too vague and conclusory, such as where it fails to cite examples of conduct that authorize the award. The trial court need not cite specific testimony, argument of counsel, or any other specific factual reference in its order awarding fees under OCGA § 9-15-14; it is only required to specify the conduct upon which the award is made.

*Cohen v. Rogers*, 341 Ga. App. 146, 152 (2) (b) (798 SE2d 701) (2017) (citations and punctuation omitted).

Here, the trial court's award of attorney fees failed to specify the conduct upon which the award was made under either subsection (a) or (b) of OCGA § 9-15-14. Rather than citing examples of the specific conduct which authorized the award under each of those subsections, the trial court merely made conclusory findings that there was "an absence of justiciable issue of law or fact and that Bailey willfully disregarded and disobeyed the [c]ourt's order without substantial justification[.]" When the trial court fails to make the required findings specifying the conduct upon which the award was based, "the fees award must be vacated and the case remanded

4

for reconsideration." *Williams v. Becker*, 294 Ga. 411, 414 (2) (a) (754 SE2d 11) (2014) (citation omitted).

We further note that the trial court awarded the full amount of attorney fees requested by Maner in a lump sum, even though Bailey actually prevailed on two of Maner's alleged claims of contempt. "In cases involving OCGA § 9-15-14 (a) or (b), the trial court must limit the fees award to those fees incurred because of the sanctionable conduct. Lump sum attorney fees awards are not permitted in Georgia." *Roylston v. Bank of America, N. A.*, 290 Ga. App. 556, 562-563 (2) (a) (660 SE2d 412) (2008) (citation and punctuation omitted). Accord *Shiv Aban*, supra at 819 (2) (c) (attorney fees award limited to fees incurred because of the sanctionable conduct). For the foregoing reasons, we must "vacate the portion of the [trial court] order awarding fees under OCGA § 9-15-14, and remand this case to the trial court with the direction that it enter a proper order on [Maner's] motion for attorney fees under OCGA § 9-15-14." *Belcher v. Belcher*, 298 Ga. 333, 335 (782 SE2d 2) (2016).

3. *Notice.*

Because of our holding above vacating the attorney fees award and remanding for further proceedings, we need not consider Bailey's remaining enumeration of error that he did not receive sufficient notice that the trial court would consider the

5

issue of attorney fees at the February 2, 2018 hearing. See *Barbour v. Sangha*, 346 Ga. App. 13, 17 (4) (815 SE2d 228) (2018) (vacating award of attorney fees and remanding for further proceedings where trial court failed to provide notice or hold a hearing on issue of attorney fees).

*Judgment vacated in part and case remanded with direction. Dillard, C. J., and Rickman, J., concur.*