### S11A1748. ELLIS et al. v. CALDWELL.

(720 SE2d 628)

THOMPSON, Justice.

Appellants Burrell Ellis, DeKalb County CEO, and Eddie O'Brien, Fire Rescue Chief of DeKalb County (collectively, "the County") appeal from the grant of a writ of mandamus ordering the County to reinstate appellee Sell Caldwell III to his former position as a fire captain in the DeKalb County Fire Rescue Department and awarding him back pay and costs of litigation. For the reasons that follow, we affirm.

The facts are not in dispute. On February 2, 2010, Caldwell's employment as a captain with the DeKalb County Fire Rescue

Department was terminated by the former Fire Rescue Chief based on allegations that Caldwell: (1) failed to locate the dispatch address in the course of responding to a fire; and (2) failed to take command of the scene of a fire.[1] As a Merit System employee, Caldwell was informed of his right to appeal that action to the DeKalb County Human Resources and Merit System Department by filing a written request for appeal within ten days of his termination. Caldwell exercised that right, and a timely notice of appeal was filed. On February 11, 2010, Caldwell applied for early retirement from the County in order to mitigate his loss of salary. He began receiving retirement benefits on March 1, 2010.

After hearing evidence in connection with Caldwell's appeal, a hearing officer determined the fire department did not correctly apply the facts to the cited violations, resulting in errors of fact with regard to Caldwell's termination. In accordance with those findings, the hearing officer reversed Caldwell's termination. The County sought review of that decision by the Merit System Council,[2] asserting that the hearing officer's factual findings were not consistent with his conclusion that termination was based on an error of fact. The Council unanimously upheld the hearing officer's decision to reverse Caldwell's termination. The County did not seek further review. See *Anderson v. McMurry*, 217 Ga. 145 (121 SE2d 22) (1961) (a writ of certiorari lies to review the rulings and findings of the DeKalb County Merit System Council).

Despite the administrative rulings in Caldwell's favor, he was not reinstated to his former position. As a result, Caldwell filed the present mandamus action to compel his reinstatement as Fire Captain and for back pay and benefits, as well as attorney fees and costs of litigation. After an evidentiary hearing, the trial court ruled that Caldwell had a clear legal right to reinstatement under the DeKalb County Code, and that he had no adequate remedy other than to have his position restored. In accordance therewith, the court granted the writ of mandamus and ordered the County to reinstate Caldwell to his former position and pay him the difference between the sum he received in retirement benefits and the amount of compensation he would have received as a permanent DeKalb County Fire Captain. The court further found that the County had been stubbornly litigious in failing to reinstate Caldwell despite the mandate from the Council, and it awarded attorney fees and costs of

---

[1] The termination notice stated the action was taken pursuant to "DeKalb County Code, Chapter 20, Article IX, § 20-191 (10) Violation of Departmental Rules, to wit: Fire Rescue Employee Manual, Chapter 2, § 106.000 *Neglect of Duty.*"

[2] Review was sought pursuant to § 20-193 (3) of the DeKalb County Code of Ordinances, and § 1056 (c) of Appendix B.

litigation under OCGA § 9-15-14.

1. The County asserts mandamus was not authorized because Caldwell did not have a clear legal right to the remedies imposed by the trial court.

"The extraordinary writ of mandamus will not lie unless the petitioner seeking it has a clear legal right to have the act performed. The law must not only authorize the act be done, but must require its performance." (Citations and punctuation omitted.) *Thomason v. Fulton County*, 284 Ga. 49, 50 (1) (663 SE2d 216) (2008). Here, Caldwell pursued his administrative remedies after his termination and produced evidence at the hearing in opposition to his termination. The DeKalb County Code authorizes a hearing officer to "reverse a disciplinary action . . . upon a finding that it is based upon an error of fact." DeKalb County Municipal Code § 20-193 (1976).[3] That is precisely what the hearing officer determined in this case — that both grounds specified in the termination notice were based on errors of fact. The appropriate remedy then was to "reverse" Caldwell's termination by the chief which would have the effect of placing him in the same position he would have been had he not been terminated. It is disingenuous for the County to argue that although the Code allows "reversal" of the chief's decision, it does not contemplate reinstatement. By definition, reversal of a termination constitutes reinstatement. See *McAfee v. Bd. of Firemasters of Atlanta*, 186 Ga. 262 (3) (197 SE 802) (1938) (mandamus appropriate to compel reinstatement of firefighter who was suspended in violation of the Civil Service Act). Similarly, the County asserts that because the Code only allows the Council on appeal to "affirm or reverse" the hearing officer, the Council's ruling did not amount to reinstatement. Our response to that argument is the same — affirmance by the Council of the decision of the hearing officer entitled Caldwell to reinstatement. County officials may not ignore the outcome of the merit system proceedings as well as its own unsuccessful appeal. To the contrary, "the decision of the Council is binding upon the governing authority of the county." *Anderson*, supra at 151.

Because Caldwell has a clear legal right to reinstatement, a right violated by the County's steadfast refusal to abide by the order of the hearing officer, as affirmed by the Council on appeal, mandamus was properly granted. We also approve the monetary award fashioned by the trial court to make Caldwell whole for the full amount of salary

---

[3] Under DeKalb County Municipal Code § 20-193 (1976), a permanent status employee of the County aggrieved by a termination may appeal to a hearing officer. Subsection (3) of that provision states: "The hearing officer may reverse a disciplinary action only upon a finding that it was based upon an error in fact or was motivated by a non-job-related factor."

he was denied from the date of his wrongful termination. See *Bradford v. Bolton*, 215 Ga. 188, 191 (109 SE2d 751) (1959) (mandamus to enforce right to payment); *McCallum v. Bryan*, 213 Ga. 669, 671 (5) (100 SE2d 916) (1957) (mandamus to compel official duties, including payment of monies owed).

The County further argues that Caldwell gave up any right to reinstatement when he elected to receive monthly retirement benefits.[4] It was established at the mandamus hearing through the testimony of the assistant director of Human Resources for DeKalb County that a retiree cannot be a full-time employee of the County, but if the retiree were to give up retirement benefits, he or she could be reinstated. Caldwell acknowledges that he must relinquish his pension benefits when he is reinstated to his former position as fire chief.[5]

2. The trial court assessed attorney fees and expenses of litigation against the County under OCGA § 9-15-14, after finding that the County has "been unnecessarily litigious in this action by not reinstating [Caldwell] to his position, despite the fact that [the hearing officer] and the Council found that there were errors of fact in [Caldwell's] termination action and reversed [his] disciplinary action."

(a) Although the court's order failed to specify whether the award was made pursuant to subsection (a) or (b) of OCGA § 9-15-14, the foregoing language describes conduct which falls within subsection (b).[6] See *Century Center at Braselton v. Town of Braselton*, 285 Ga. 380 (1) (677 SE2d 106) (2009). Compare *Francis-Rolle v. Harvey*, 309 Ga. App. 491 (710 SE2d 659) (2011) (award vacated where no statutory basis stated in final order and no notice or opportunity given to opposing party). In reviewing an award of sanctions made under OCGA § 9-15-14 (b), an abuse of discretion standard is applied.

---

[4] In support of this argument, the County relies on dicta in *Leheny v. City of Pittsburgh*, 183 F3d 220, 227 (3rd Cir. 1998), a case construing federal due process rights in an action alleging a violation of the Americans With Disabilities Act, 42 USC § 12101 et seq. This authority neither controls the issue before this Court, nor do we consider it persuasive.

[5] The manner in which Caldwell revokes his retirement is a matter properly addressed by the DeKalb County Pension Board; it is not presently before this Court.

[6] OCGA § 9-15-14 (b) provides:

The court may assess reasonable and necessary attorney's fees and expenses of litigation in any civil action in any court of record if, upon the motion of any party or the court itself, it finds that an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification or that the action, or any part thereof, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceeding by other improper conduct, including, but not limited to, abuses of discovery procedures available under Chapter 11 of this title, the "Georgia Civil Practice Act." As used in this Code section, "lacked substantial justification" means substantially frivolous, substantially groundless, or substantially vexatious.

*Century Center*, supra at 382. We agree that the County "lacked substantial justification" under OCGA § 9-15-14 (b) in refusing to acknowledge the mandate of the Council and requiring Caldwell to seek judicial recourse. Accordingly, the trial court did not abuse its discretion in awarding Caldwell reasonable attorney fees and expenses of litigation pursuant to that Code section.

(b) Before awarding attorney fees against a party under OCGA § 9-15-14 (b), the party "is entitled to an evidentiary hearing upon due notice permitting him an opportunity to confront and challenge the value and the need for legal services claimed. [Cit.]" (Punctuation omitted.) *Williams v. Cooper*, 280 Ga. 145, 146 (1) (625 SE2d 754) (2006). However, a party may waive an evidentiary hearing on a motion for attorney fees. See *MacDonald v. Harris*, 266 Ga. App. 287 (597 SE2d 125) (2004); *Munoz v. American Lawyer Media*, 236 Ga. App. 462 (3) (a) (512 SE2d 347) (1999). At the conclusion of the mandamus hearing, the court stated its inclination to grant the petition, but agreed to leave the record open for ten days before entering a final order to allow the parties to file post-hearing briefs. The court also asked counsel if there was anything else that needed to be addressed on the record. Counsel for the County responded: "I would like to respond to the petitioner's argument for attorney fees, but, you know, I will do that on briefs as well." The court reiterated: "[Caldwell's counsel will] have ten days to submit the attorney fees issue and I'll give [counsel for the County] five days thereafter to respond to your . . . letter brief concerning attorney fees. Okay?" The County voiced no objection, and the parties submitted briefs on the issue within the specified time schedule. The court's order followed. Thus, the record undisputedly shows that the County affirmatively waived its right to a hearing on the issue of attorney fees.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 9, 2012.

*Michelle L. Thomas, Laura K. Johnson, Lisa E. Chang*, for appellants.

*Parks, Chesin & Walbert, Andrew Y. Coffman, Joshua M. Capilouto*, for appellee.