FINAL COPY
294 Ga. 411

S13A1737.  WILLIAMS v. BECKER.

NAHMIAS, Justice.

This appeal challenges an order awarding attorney fees under OCGA § 9-15-14 for post-divorce litigation.  Because the trial court did not hold an evidentiary hearing on the motion for fees and did not make the required findings specifying the improper conduct justifying the fee award, we vacate and remand.

1.     Appellant John A. Williams, Jr. (Father) and appellee Stacey Clark Becker (Mother) were divorced on September 27, 2001.  The divorce decree made Mother the primary custodial parent of the parties' child, although Father was given extensive visitation.  Father was ordered to pay $5,000 per month in child support and to pay for the child's medical insurance and private school tuition.  In April 2006, Father and Mother attended mediation and executed an agreement that was adopted by the trial court as an order on August 4, 2006. The order increased Father's parenting time to nearly 50 percent, with Father agreeing not to request modification of his child support obligation for two

years.

On December 30, 2009, Father informally asked Mother to reduce his child support obligation, asserting that his income had decreased. Mother said she was willing to consider a change and requested information about his financial circumstances. He did not produce that information to her satisfaction, however, and he rejected various modifications that she later proposed. After Father declined Mother's offers, she hired an attorney and tried to resolve the matter through counsel before litigation; Father was also represented. The parties agreed to mediate, but when Father did not provide all the financial documents Mother requested, she rescheduled and then canceled the mediation.

On November 10, 2010, Father filed a petition for modification of child support, in which he alleged that he had suffered a substantial downward change in his financial condition, Mother's financial condition had improved, and his parenting time had increased. At the 30-day status conference for the case, the parties agreed to schedule mediation, but Father again failed to produce all of the documents Mother requested and she again refused to participate in mediation. On January 13, 2011, Father filed a motion for a temporary hearing. The court then ordered mediation, which the parties attended on March 1, but

2

it was unsuccessful.

At the temporary hearing on April 19, 2011, Mother and Father testified, and documentary evidence of their respective financial conditions was presented. That same day, the court issued an order denying Father's request for temporary relief and another order requiring both parties to respond to all outstanding discovery requests within 10 days and scheduling the trial for the court's September 7 trial calendar. On May 6, 2011 — one day before the 120-day status conference and 15 days after the temporary hearing — Father voluntarily dismissed his modification petition.

On June 17, 2011, Mother filed a motion for attorney fees, requesting that $54,654.76 be awarded to her jointly against Father and his counsel pursuant to OCGA §§ 19-6-2, 19-6-15 (k) (5), and 9-15-14. Father filed a response, arguing that Mother was not entitled to attorney fees under any of these statutes. More than a year later, on August 20, 2012, the trial court issued an order denying Mother's request for attorney fees to be awarded against Father's counsel but granting her request for attorney fees against Father. The court found that Father dismissed his modification action after the court declined to modify his child support obligation on a temporary basis and on the eve of the 120-day

status conference, that "[t]he parties engaged in discovery disputes which required the Court to enter an order directing each party to respond to discovery," and that Mother incurred $54,654.76 in attorney fees. The order then described the three statutes under which Mother sought fees and concluded:

> The Court finds that both parties failed to properly and timely respond to discovery, expanding the scope of this action and causing the other party to incur unnecessary attorney's fees.
> Based on the foregoing findings of fact and having considered the financial condition of the parties as well as the relevant statutes, [Mother] is awarded $25,000.00 in attorney's fees pursuant to O.C.G.A. 19-15-14 [sic].

This Court granted Father's application for discretionary appeal of the attorney fees order.

2.    Father argues that the award of attorney fees under OCGA § 9-15-14 was improper because the trial court failed to hold an evidentiary hearing and to make the findings required for an award under that statute. We agree.[1]

---

[1] Father suggests that the attorney fees award was not supported because OCGA § *19*-15-14 does not exist and attorney fees can be awarded only if authorized by statute or contract. See Moon v. Moon, 277 Ga. 375, 379 (589 SE2d 76) (2003). However, review of the record, including the prior paragraph of the trial court's order, shows that the reference to OCGA § 19-15-14 was a scrivener's error; the court clearly meant to cite OCGA § *9*-15-14. See Viskup v. Viskup, 291 Ga. 103, 106 (727 SE2d 97) (2012) (explaining that this Court may review the record to determine the statutory basis of an attorney fees order). Father also argues that the trial court's award of attorney fees was not justified under OCGA §§ 19-6-15 (k) (5) or 19-6-2, but while the court described these two statutes in its order, the order states that the award is made only pursuant to OCGA § 9-15-14. We therefore do not address whether the court could award attorney fees in this case under either OCGA §§ 9-6-15 (k) (5) or 19-6-2.

4

(a)    OCGA § 9-15-14 authorizes a trial court to award "reasonable and necessary" attorney fees and litigation costs in civil cases against a party that has engaged in abusive litigation.  Under OCGA § 9-15-14 (a), the court shall award fees against a party that "asserted a claim, defense, or other position with respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim, defense, or other position."  Under OCGA § 9-15-14 (b), the court may award fees against a party that "brought or defended an action, or any part thereof, that lacked substantial justification" or "unnecessarily expanded the proceeding by other improper conduct, including . . . abuses of discovery procedures . . . ."

Unless the party against whom attorney fees may be awarded waives a hearing expressly or by its conduct, the court must hold an evidentiary hearing, after due notice of the fees issue, to provide the party the opportunity to confront and challenge the evidence regarding the need for and value of the legal services at issue.  See Ellis v. Caldwell, 290 Ga. 336, 340 (720 SE2d 628) (2012).  A timely objection to a motion for attorney fees under OCGA § 9-15-14, even without a specific request for a hearing, is generally sufficient to preclude a

5

waiver by conduct of the right to an evidentiary hearing. See <u>Munoz v. American Lawyer Media, L.P.</u>, 236 Ga. App. 462, 466 (512 SE2d 347) (1999).[2]

If the court awards attorney fees under OCGA § 9-15-14, it must make express findings specifying the abusive conduct for which the award is made, see <u>McKemie v. City of Griffin</u>, 272 Ga. 843, 844 (537 SE2d 66) (2000), and whether the award is made under subsection (a) or (b) or both, see <u>Ga. Dept. of Transp. v. Douglas Asphalt Co.</u>, 295 Ga. App. 421, 424 (671 SE2d 899) (2009). If the court fails to make these findings, the fees award must be vacated and the case remanded for reconsideration. See <u>McKemie</u>, 272 Ga. at 844.

(b)    In this case, although Father filed a response objecting to the attorney fees requested by Mother and there is nothing in the record indicating that he otherwise waived his right to an evidentiary hearing, the trial court failed to hold a hearing before awarding $25,000 in attorney fees to Mother — with no explanation of how that amount was calculated in relation to the $54,654.76 that she requested and the court found that she incurred. In addition, although there is evidence in the record that would support an award of some amount of

_____

[2] Nevertheless, it is good practice to make a specific request for a hearing in response to a motion for attorney fees, since that will remind the trial court of the hearing requirement and weigh against any finding that a hearing was waived. See <u>Munoz</u>, 236 Ga. App. at 466.

fees to Mother under OCGA § 9-15-14, the court made no express findings specifying the abusive litigation conduct upon which Mother's award was based or specifying whether the award was made under OCGA § 9-15-14 (a) or (b). Indeed, the court's conclusion that "*both parties* failed to properly and timely respond to discovery, expanding the scope of this action and causing the other party to incur unnecessary attorney's fees," which was based on a finding that "[t]he *parties* engaged in discovery disputes which required the court to enter an order directing *each party* to respond to discovery," appears inconsistent with its award of attorney fees only to Mother. To justify an award of attorney fees to Mother under OCGA § 9-15-14, the court needed to specify the improper conduct and resulting fees for which Father was solely liable; if Mother also engaged in abusive litigation, an attorney fees award to Father — after due notice and a hearing — would be the appropriate result.

Because the trial court failed to hold an evidentiary hearing and to make the express findings required for an attorney fees award under OCGA § 9-15-14, we vacate the award of attorney fees made pursuant to that statute and remand this case for further proceedings. See Ellis, 290 Ga. at 340; McKemie, 272 Ga. at 844.

7

Judgment vacated and case remanded.  All the Justices concur.


Decided January 21, 2014.

Domestic relations. Fulton Superior Court. Before Judge Campbell.

Ehrenclou & Grover, Wallace H. Ehrenclou, Kavan S. Grover, for appellant.

Davis, Matthews & Quigley, Elizabeth G. Lindsey, Mina A. Elmankabady, for appellee.