**SECOND DIVISION**
**BARNES, P. J.,**
**BOGGS and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**December 15, 2016**

# In the Court of Appeals of Georgia

A16A1660. KIM v. HAN.

BOGGS, Judge.

Jaesung Kim, ex-husband of Eun Young Han, appeals from a final order (1) denying his motion to set aside or, in the alternative, motion for new trial, and (2) awarding Han attorney fees pursuant to OCGA § 9-15-14. Kim contends that the trial court erred in awarding attorney fees and expenses. We granted Kim's application for discretionary review, and, for the reasons set forth below, we vacate the award and remand the case for reconsideration.

The record shows that Kim and Han married in South Korea before moving to the United States. In 2006, they purchased a home in Johns Creek, which they later refinanced under Han's name alone. In 2011, Han returned to South Korea. According to Kim, his wife abandoned him and their two children. Han, however,

contends that she returned to South Korea for medical care for multiple illnesses. In 2012, Kim filed for divorce in Korea and, in 2013, the Seoul Family Court issued a final divorce decree.[1]

In August 2014, Han filed a dispossessory action in magistrate court to evict Kim. The parties then entered into a consent decree, and Kim agreed to relinquish possession of the house to Han on August 29, 2014. On August 28, 2014, however, Kim filed in superior court a petition for division of marital property and an emergency motion for injunctive relief against Han, requesting a stay of the writ of possession.

Following an emergency hearing, the trial court granted Kim's motion and stayed execution of the writ for 30 days. Han moved to set aside the trial court's order on the ground that she had not received notice of the emergency hearing. Han also requested attorney fees and expenses of litigation under OCGA § 13-6-11. The trial court scheduled a hearing on Han's motion for September 12, 2014. Kim failed to appear at the hearing, and the trial court, that same day, issued a final order granting

---

[1] The parties dispute whether the Korean family court considered the property in Johns Creek before it issued its final decree. The trial court made no findings of fact in this regard, although the record contains a translation of the Korean divorce decree.

2

Han's motion to set aside and enforcing the writ of possession. The court also awarded Han $11,335 in attorney fees and $3,744 in expenses pursuant to OCGA § 13-6-11. Kim filed a motion to set aside the September 12 order under OCGA § 9-11-60 or, in the alternative, a motion for new trial. Meanwhile, following an eviction order, Kim moved out of the house.

On November 5, 2014, Han sought attorney fees pursuant to OCGA § 9-15-14 (b). She argued that Kim had filed the action against her merely to delay the date he had to move out of the house.[2] Han requested fees in the amount of $36,714.60 for attorney Chung Lee (including $11,355 from the prior award), $5,625 for attorney Lindsay Haigh, $1,700 for an interpreter, and $7,120.49 in costs to defend against Kim's action, including expenses previously awarded.

On January 16, 2015, the trial court denied in part and granted in part Kim's motion to set aside or, in the alternative, his motion for new trial. The trial court set aside the portion of the final order awarding Han attorney fees pursuant to OCGA § 13-6-11, but otherwise denied the motion. In a separate order, the trial court granted Han's motion for attorneys fees pursuant to OCGA § 9-15-14. Specifically, the trial

---

[2] Shortly after filing the motion to set aside, Kim closed on the purchase of a new home.

court awarded Han attorney fees in the amount of $16,430 for attorney Lee and $6,850 for attorney Haigh. The trial court also awarded Han expenses in the amount of $4,923 for two round-trip airline tickets from South Korea to Atlanta, a rental car bill, and translation services.

1. Kim contends that the trial court was without jurisdiction to award attorney fees because Han's motion for fees was not timely filed. We disagree.

"Attorney's fees and expenses under [OCGA § 9-15-14] may be requested by motion at any time during the course of the action but not later than 45 days after the final disposition of the action." OCGA § 9-15-14 (e).

Kim argues that Han's motion for attorney fees was not timely because the trial court's final order was issued on September 12, 2014 and the motion for fees was not filed until November 5, 2014, more than 45 days later. For purposes of OCGA § 9-15-14, the phrase "'final disposition' should be considered to be synonymous with the phrase 'final judgment' as it is used in OCGA § 5-6-34 (a) (1), that is to say, where the case is no longer pending in the court below." *Fairburn Banking Co. v. Gafford*, 263 Ga. 792 (439 SE2d 482) (1994). Here, Kim continued to file motions after the September 12 order was entered. On January 16, 2015, the trial court entered an order

4

granting, in part, Kim's motion to set aside. It was this order that resolved all pending issues in the case and thus was the final disposition.

In the alternative, Kim argues that if the final disposition of the case was entered on January 16, 2015, then Han's motion was not timely pursuant to *Fairburn*, supra, and *Marshall v. Ricmar, Inc.*, 215 Ga. App. 470 (451 SE2d 515) (1994). When those cases were decided, former OCGA § 9-15-14 (e) only permitted a trial court to award attorney fees when a motion was filed "within 45 days after the final disposition of the action." See, e.g., *Fairburn*, 263 Ga. at 793. n. 1. Now, however, OCGA § 9-15-14 (e) permits attorney fees when a motion is filed "at any time during the course of the action but not later than 45 days after the final disposition[.]" See Ga. L. 1994, p. 857, § 2. Thus, Han's motion for fees, filed in November 2014, prior to the trial court's final order, was timely.

2. Kim next contends that the trial court erred in failing to make express findings of fact to support its award of attorney fees. We agree.

OCGA § 9-15-14 authorizes a trial court to award "reasonable and necessary" attorney fees and litigation costs in civil cases against a party that has engaged in abusive litigation. Under OCGA § 9-15-14 (a), the court shall award fees against a party that "asserted a claim, defense, or other position with respect to which there

5

existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim, defense, or other position." Under OCGA § 9-15-14 (b), the court may award fees against a party that "brought or defended an action, or any part thereof, that lacked substantial justification" or "unnecessarily expanded the proceeding by other improper conduct[.]"

In making an award, the trial court found that attorney fees were warranted because Kim's action and his filing of an application for interlocutory injunction "lacked substantial justification" and his motion to set aside following a failure to appear at the September 12, 2014 hearing "lacked substantial justification and unnecessarily expanded the proceedings causing the incurrence of unnecessary expenses and costs." The trial court also found that the fees were reasonable and necessary.

> If the court awards attorney fees under OCGA § 9-15-14, it must make express findings specifying the abusive conduct for which the award is made, and whether the award is made under subsection (a) or (b) or both. If the court fails to make these findings, the fees award must be vacated and the case remanded for reconsideration.

6

(Citation omitted.) *Williams v. Becker*, 294 Ga. 411, 413-414 (2) (a) (754 SE2d 11) (2014). Here, although the trial court failed to explicitly identify the subsection under which it was making the award, the language in the order, as set forth above, tracked the language in OCGA § 9-15-14 (b). See *Ellis v. Caldwell*, 290 Ga. 336, 339 (2) (a) (720 SE2d 628) (2012) (concluding that trial court made its attorney fee award under OCGA § 9-15-14 (b) based on the language in the order even though the trial court failed to specify the subsection); *Williams v. Warren*, 322 Ga. App. 599, 602 (1) (745 SE2d 809) (2013) (where "trial court's findings substantially tracked OCGA § 9-15-14 (a)," failure to specify subsection was not fatal to award).

However, the trial court's bare findings that Kim's actions "lacked substantial justification" are insufficient to support the award of fees under OCGA § 9-15-14.[3] See *Razavi v. Merchant*, 330 Ga. App. 407, 409 (1) (a) (765 SE2d 479) (2014) (trial

---

[3] The trial court did find that Kim's motion to set aside following his failure to appear at the September 2014 hearing lacked substantial justification and unnecessarily expanded the proceedings causing the incurrence of unnecessary expenses and costs. Pretermitting whether this finding is adequate, the trial court failed to indicate what portion of the fee award was due to the motion to set aside. "As we have held in cases involving OCGA § 9-15-14 (a) or (b), the trial court must limit the fees award to those fees incurred because of the sanctionable conduct. Thus, 'lump sum' or unapportioned attorney fees awards are not permitted in Georgia." (Citation, punctuation and footnote omitted.) *Trotman v. Velociteach Project Mgmt., LLC*, 311 Ga. App. 208, 214 (6) (715 SE2d 449) (2011).

court's finding that complaint lacked substantial justification was insufficient to support an award under OCGA § 9-15-14 (b)); *Note Purchase Co. of Georgia, LLC v. Brenda Lee Strickland Realty, Inc.*, 288 Ga. App. 594, 595 (1) (654 SE2d 393) (2007) (same). Accordingly, the fee award must be vacated and the case remanded for reconsideration. See *Becker*, supra, 294 Ga. at 414 (2) (a).

3. Kim also contends that the trial court erred in finding that his action and motion to set aside lacked substantial justification, in failing to determine that the attorney fees awarded were reasonable and necessary, and in awarding Han the costs of airline tickets and a rental car. We question whether Han's travel expenses are recoverable as expenses of litigation under OCGA § 9-15-14. See *Bankston v. Warbington*, 319 Ga. App. 821, 823 (3) (738 SE2d 656) (2013) (airline tickets not recoverable as expenses of litigation). Nonetheless, we need not reach this issue, or consider Kim's other arguments, given our disposition of the case. See *Ga. Dept. of Transp. v. Douglas Asphalt Co.*, 295 Ga. App. 421, 425 (2) (671 SE2d 899) (2009).

*Judgment vacated and case remanded with direction. Barnes, P. J., and Rickman, J., concur.*