**SECOND DIVISION**
**DILLARD, C. J.,**
**REESE and BETHEL, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**September 29, 2017**

# In the Court of Appeals of Georgia

A17A0961. ROBERT H. MCNAIR, AS CO-EXECUTOR OF THE ESTATE OF W. O. MCNAIR v. RICHARD "RICHIE" HAROLD MCNAIR et al.

REESE, Judge.

In the third appearance of this case before this Court, Robert H. McNair ("the Appellant") appeals the award of attorney fees against him individually,[1] in relation to the jury trial on his petition contesting the will of Hazel McNair ("H. McNair").[2] For the reasons set forth infra, we reverse.

---

[1] This matter is before this Court from our grant of an application for discretionary appeal.

[2] Previously, this matter came before this Court on the Appellant's appeal of the judgment on a jury verdict allowing the will of H. McNair to be probated in solemn form. The appeal was initially transferred to the Supreme Court of Georgia, which transferred the matter back to this Court, finding that "this appeal does not concern the validity or meaning of the will of [H. McNair]." This Court dismissed the appeal based on the lack of jurisdiction.

The following are the pertinent facts from the record. Upon the death of H. McNair, her will dated September 17, 2001, was filed for probate in solemn form in the Turner County Probate Court in November 2011. Two co-executors, Richard McNair and Penny Thompson ("the Appellees"), were appointed under H. McNair's will.

H. McNair's brother, W. O. McNair, filed a caveat to the probate of her will. The Appellant, W. O. McNair's son, filed an affidavit with the caveat. After a hearing, the probate court issued an order on June 12, 2013, denying the petition to probate the will in solemn form. The Appellees filed a notice of appeal of the probate court's order in the Superior Court of Turner County on June 21, 2013.

W. O. McNair passed away on July 27, 2013. His will appointed three co-executors: W. O. McNair, Jr., Thompson, and the Appellant.[3] Prior to the trial in superior court regarding H. McNair's will, the Appellees filed a motion to substitute parties. After a hearing,[4] the superior court entered an order substituting the three named co-executors of W. O. McNair's estate in place of W. O. McNair. The appeal of the probate court's order was tried before a jury on September 15 and 16, 2014,

---

[3] W. O. McNair's will is not part of the record.

[4] There is no hearing transcript in the record on the motion to substitute parties.

and resulted in a jury verdict to probate H. McNair's will, dated September 17, 2001, in solemn form. The superior court entered a judgment on the verdict.[5]

After the jury trial, the Appellees filed a motion for attorney fees against the Appellant,[6] pursuant to OCGA § 9-15-14 (b).[7] After a hearing, the superior court awarded attorney fees against the Appellant in the amount of $22,099.75 under OCGA § 9-15-14, without specifying the subsection.

---

[5] This Court dismissed the Appellant's appeal from the verdict. See footnote 2, supra.

[6] The Appellees did not seek attorney fees from the Appellant's co-executors, Thompson and W. O. McNair, Jr.

[7] OCGA § 9-15-14 (b) states:
The court may assess reasonable and necessary attorney's fees and expenses of litigation in any civil action in any court of record if, upon the motion of any party or the court itself, it finds that an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification or that the action, or any part thereof, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceeding by other improper conduct, including, but not limited to, abuses of discovery procedures available under Chapter 11 of this title, the "Georgia Civil Practice Act." As used in this Code section, "lacked substantial justification" means substantially frivolous, substantially groundless, or substantially vexatious.

1. As an initial matter, "an order awarding attorney fees pursuant to [OCGA § 9-15-14] must specifically state whether the award is made under OCGA § 9-15-14 (a) or (b)."[8]

> [T]he court must make express findings of fact and conclusions of law as to the statutory basis for any such award and the conduct which would authorize it. Specificity in the award is important because the standards of appellate review are different under each subsection: the standard under subsection (a) is the any evidence rule; the standard under subsection (b) is abuse of discretion.[9]

As noted above, the award of attorney fees here fails to identify the subsection of the statute under which the superior court awarded the attorney fees. However, the

---

[8] *Landry v. Walsh*, ___ Ga. App. ___ (2) (801 SE2d 553) (2017) (Case Nos. A17A0449, A17A0450) (citation omitted). In contrast, OCGA § 9-15-14 (a) states:
> In any civil action in any court of record of this state, reasonable and necessary attorney's fees and expenses of litigation shall be awarded to any party against whom another party has asserted a claim, defense, or other position with respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim, defense, or other position. Attorney's fees and expenses so awarded shall be assessed against the party asserting such claim, defense, or other position, or against that party's attorney, or against both in such manner as is just.

[9] *Fulton County School Dist. v. Hersh*, 320 Ga. App. 808, 814-815 (2) (740 SE2d 760) (2013) (citations and punctuation omitted).

superior court's order stated that the Appellant's claim "was interposed for delay and harassment and the caveat pursued lacked substantial justification, was substantially frivolous and substantially groundless."

We find that the language used by the trial court is similar to the wording of OCGA § 9-15-14 (b).[10] Also, the trial court conducted an evidentiary hearing pursuant to OCGA § 9-15-14 to address the Appellees' motion for attorney fees under subsection (b).[11] Based on the language contained in the order awarding attorney fees, which tracked the language in OCGA § 9-14-15 (b), and the transcript of the evidentiary hearing, we conclude that the superior court awarded attorney fees under OCGA § 9-15-14 (b).[12]

---

[10] See *Ellis v. Caldwell*, 290 Ga. 336, 339-340 (2) (a) (720 SE2d 628) (2012) (The trial court's use of the language "unnecessarily litigious" in awarding attorney fees pursuant to OCGA § 9-15-14 was sufficient to identify the conduct as falling under OCGA § 9-15-14 (b).); see also *Nelson & Hill, P.A. v. Wood*, 245 Ga. App. 60, 64 (2) (537 SE2d 670) (2000) ("There is no magic in nomenclature, and we judge pleadings, motions and orders not by their name but by their function and substance, being always mindful to construe such documents in a manner compatible with the best interests of justice.") (footnote omitted).

[11] See *Ellis*, 290 Ga. at 340 (2) (b) (A party is entitled to an evidentiary hearing to "confront and challenge the value and the need for legal services claimed" under OCGA § 9-15-14 (b) prior to the award of attorney fees.).

[12] See *Kim v. Han*, 339 Ga. App. 886, 889 (2) (795 SE2d 191) (2016) (Despite the trial court's failure to identify under which subsection of OCGA § 9-15-14 it

Therefore, we will review the Appellant's claims using the abuse of discretion standard.[13] With this guiding principle in mind, we now turn to the Appellant's specific claims of error.

2. The Appellant argues that the superior court erred in awarding the Appellees attorney fees for defending H. McNair's will against the caveat filed by W. O. McNair. We agree.

The Appellees sought attorney fees, pursuant to OCGA § 9-15-14 (b), alleging the Appellant brought the caveat on behalf of his father for the purposes of "delay and harassment" while they sought to probate the will of H. McNair. "Implicit in the language of [OCGA] § 9-15-14 is that a court of record of this state may impose reasonable and necessary attorney fees and expenses of litigation for proceedings before *that court*, which were brought for purposes of harassment or delay or lacked substantial justification."[14]

_____

awarded attorney fees, the language in the order tracked the language in OCGA § 9-15-14 (b).); see also *Williams v. Warren*, 322 Ga. App. 599, 602 (1) (745 SE2d 809) (2013) (Because the trial court's findings substantially tracked OCGA § 9-15-14 (a), the failure to specify the subsection was not fatal to the award.).

[13] See *Ellis*, 290 Ga. at 339-340 (2) (a).

[14] *Dept. of Transp. v. Franco's Pizza & Delicatessen*, 200 Ga. App. 723, 728 (5) (409 SE2d 281) (1991), overruled on other grounds, *White v. Fulton County*, 264

(a) In the order awarding attorney fees to the Appellees, the superior court made several findings of fact based on conduct that occurred while this case was under the jurisdiction of the Turner County Probate Court, prior to the appeal of the probate court's order to the superior court. For example, in its findings of fact, the superior court stated that "[t]he parties initially agreed to have the case heard in Superior Court in the interests of judicial economy, but after a Superior Court hearing was requested by [the Appellees] (after the six month discovery time allowed in Superior Court ha[d] expired), the attorney for [the Appellant] notified the [Appellees] that his client had 'changed his mind.'" This finding of fact mirrors the assertion made in the Appellees' motion for attorney fees, which references a letter written by the Appellant's attorney dated August 9, 2012, while this matter was still pending in the probate court.

The superior court's order also references a letter written to the Appellant from his attorney dated February 22, 2012, that discusses the delay of the case. In addition, the order states that "[i]t took seven (7) months to come up with a [hearing] date that was satisfactory with the [Appellant]" due to numerous conflicts claimed by his attorney. The superior court also found that a bill for legal services provided in the

Ga. 393 (444 SE2d 734) (1994) (emphasis in original).

7

probate court by the attorney for W. O. McNair was paid by W. O. McNair's estate, even though the payment receipt listed the Appellant as the attorney's client. The order, however, does not indicate how the payment of the bill by the estate constituted sanctionable conduct by the Appellant under OCGA § 9-15-14 (b).

Pretermitting whether the Appellant's conduct authorized the award of attorney fees, this conduct occurred prior to the June 21, 2013 appeal of the probate court's order to the superior court. Therefore, it was improper for the superior court to consider such conduct in its award of attorney fees.

Moreover, the Appellant *prevailed* on the caveat to the will in the probate court. It follows that the Appellees were not entitled to any attorney fees arising from their unsuccessful effort to probate the will in the probate court.

Thus, the award of attorney fees arising from conduct occurring in the probate court must be reversed.[15]

(b) In addition, the only reference to potentially sanctionable conduct by the Appellant in the superior court's order for attorney fees is its finding that the Appellant's counsel filed "a series of motions requiring multiple hearings which resulted in the case being delayed until a jury trial could be held in the fall of 2014[.]"

---

[15] See *Dept. of Transp.*, 200 Ga. App. at 728 (5).

However, the court did not identify the motions, address their merit, or state their outcome in its order. We find that the court's findings of sanctionable conduct in the superior court are not supported by the record.

The Appellees appealed this matter to the superior court on June 21, 2013. On January 14, 2014, the superior court issued a notice of a de novo hearing on their appeal. Ten days later, the Appellant's attorney filed an entry of appearance, a motion for continuance so that he could prepare for the case, a demand for a jury trial, and an objection to the notice of the de novo hearing. In addition, on February 13, 2014, the Appellant filed a motion to recuse the judge assigned to the case.[16]

Around the same time, the Appellees also retained additional counsel, as reflected in an entry of appearance filed February 12, 2014, yet they filed no responses to the Appellant's motions.

There is nothing in the record to show that the motions filed by the Appellant's counsel lacked merit or were frivolous. Further, there is no evidence to support a finding that the Appellant conducted himself improperly in the superior court,

---

[16] The judge recused herself on February 18, 2014, and a new judge was appointed the next day. Thus, it does not appear that the Appellant's filing of the motion to recuse was frivolous or delayed the trial in the superior court.

unnecessarily expanded the proceedings, or harassed the Appellees.[17] Significantly, the fact that the Appellant prevailed on his caveat in the probate court demonstrates that his challenge to the will did not lack substantial justification, was not substantially frivolous, and was not substantially groundless.

Even though the Appellant prevailed on his caveat in the probate court, he failed to successfully defend the caveat on appeal in the superior court. Although the Appellees prevailed at trial, an award of attorney fees under OCGA § 9-15-14 (b) is not automatic.[18]

> No [one] is bound to forego litigation at the expense of yielding rights apparently well founded. Where there is a bona fide controversy for the

---

[17] See *Doster v. Bates*, 266 Ga. App. 194, 197 (2) (596 SE2d 699) (2004) (award of attorney fees under OCGA § 9-15-14 (b) reversed because the record contained no evidence of unnecessary expansion, harassment or other improper conduct).

[18] See *Harkleroad v. Stringer*, 231 Ga. App. 464, 472 (6) (a) (499 SE2d 379) (1998) ("A trial court must limit sanctions to those fees incurred because of sanctionable conduct, so fees incurred in pursuing an unsuccessful claim would not be recoverable.") (footnote omitted); see also *Coker v. Mosley*, 259 Ga. 781, 782 (2) (c) (387 SE2d 135) (1990) (Merely defending an action brought against a party is insufficient to authorize an award of legal fees under OCGA § 9-15-14.); *Stewart v. Tricord, LLC*, 296 Ga. App. 834, 836 (1) (676 SE2d 229) (2009) (The trial court did not abuse its discretion by denying the award of attorney fees under OCGA § 9-15-14 (b), although the record reflected lengthy, acrimonious litigation between the parties.).

tribunals to settle, and the parties cannot adjust it amicably, there should be no burdening of one with the counsel fees of the other, unless there has been wanton or excessive indulgence in litigation.[19]

Because the findings of the trial court include events that occurred prior to the Appellees' appeal to the superior court, and the remainder of the findings are not supported by the record, we conclude that the trial court abused its discretion in awarding attorney fees under OCGA § 9-15-14 (b).[20]

3. In view of our holding in Division 2, supra, we need not address the Appellant's remaining claims of error.[21]

*Judgment reversed. Dillard, C. J., and Bethel, J., concur.*

---

[19] *Carpet Transport v. Dixie Truck Tire Co.*, 185 Ga. App. 181, 183 (1) (363 SE2d 840) (1987) (citation and punctuation omitted; emphasis in original).

[20] See *The Gibson Law Firm v. Miller Built Homes Inc.*, 327 Ga. App. 688, 690-691 (2) (761 SE2d 95) (2014) (Because the record did not support the findings of sanctionable conduct in the trial court's order, the award of attorney fees pursuant to OCGA § 9-15-14 (b) was improper.).

[21] See *Doster*, 266 Ga. App. at 197 (3) ("In view of our holding . . . , we need not address [the Appellant's] remaining enumerations of error.").