# Court of Appeals of the State of Georgia

ATLANTA,  November 04, 2025

*The Court of Appeals hereby passes the following order:*

## A26A0340. PAUL JOHNSON v. ANGELA MOROZOVA.

Paul Johnson and Angela Morozova divorced; in 2023, the superior court entered an order awarding primary custody of their child to Morozova. In May 2025, the superior court granted Morozova's contempt petition against Johnson for violating the custody order,[1] and Morozova filed a motion for attorney fees under OCGA §§ 9-15-14 and 19-6-2.

In July 2025, the superior court granted Morozova's motion, awarding attorney fees of $12,315.50. Though the superior court did not articulate the statutory basis for its ruling, the court found that Johnson's conduct throughout the case had been egregious, unjustified, not supported by the evidence, and that he had expanded the litigation unnecessarily. From the attorney fees order, Johnson filed this direct appeal. We, however, lack jurisdiction.

An appeal from a superior court order awarding OCGA § 9-15-14 attorney fees must be initiated by filing an application for discretionary review. OCGA § 5-6-35 (a) (10), (b); *Capricorn Systems v. Godavarthy*, 253 Ga. App. 840, 841-842 (560 SE2d 730) (2002). Although the superior court's order did not explicitly state that it was awarding fees under OCGA § 9-15-14, the order substantially tracked the language of both subsections. See generally *Kim v. Han*, 339 Ga. App. 886, 889 (2) (795 SE2d 191) (2016).

Moreover, though the superior court's order did not explicit reject Morozova's

---

[1] Johnson did not file a notice of appeal from the contempt order.

request for OCGA § 19-6-2 attorney fees, that section authorizes fees in divorce and alimony cases "to level the financial playing field so that both parties can afford effective representation based on their relative financial circumstances," *Rose v. Clark*, 360 Ga. App. 440, 444 (3) (859 SE2d 137) (2021), and "is inapplicable to child custody modification actions." See *Wilson v. Perkins*, 344 Ga. App. 869, 873, n. 13 (2) (811 SE2d 518) (2018). "Compliance with the discretionary appeals procedure is jurisdictional." *Hair Restoration Specialists v. State of Ga.*, 360 Ga. App. 901, 903 (862 SE2d 564) (2021) (citation and punctuation omitted).

Accordingly, Johnson's failure to follow the discretionary review procedure deprives us of jurisdiction over this direct appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,  11/04/2025*

> *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

> *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*